[No. 3390-1. Division One. December 13, 1976.]

SEATTLE-FIRST NATIONAL BANK, *as Executor, Respondent,*
v. BURT W. MARSHALL, ET AL, *Appellants.*
*In the Matter of the Estate of* BLANCHE AGNETHE OLSEN.
SEATTLE-FIRST NATIONAL BANK, *as Executor, Appellant,* v.
BURT W. MARSHALL, ET AL, *Respondents.*

*Schweppe, Doolittle, Krug, Tausend, Beezer & Beierle* and *Alfred J. Schweppe,* for appellants.

*Davis & Roetcisoender* and *William R. Roetcisoender,* for respondent.

CALLOW, J.—Two actions have been consolidated for review. In the first cause, Burt W. Marshall, surviving partner, appeals from an order affirming and compelling compliance with a summary judgment granted on June 28, 1973, in favor of the Seattle-First National Bank, as executor of the estate of a deceased partner. The summary judgment had directed the surviving partner, Marshall, to purchase the 20 percent interest of the deceased partner in the partnership pursuant to a partnership agreement. In the second cause, the Seattle-First National Bank appeals from orders appointing Marshall to serve as administrator of the partnership property and an appraiser to value the partnership property. We dismiss the appeal by Marshall challenging the decree compelling the purchase of the part-

nership interest and reverse the orders appointing an administrator and appraiser of the partnership property.

On October 29, 1971, Blanche A. Olsen died leaving a nonintervention will that appointed the Seattle-First National Bank to serve as executor. A portion of the decedent's estate included her 20 percent interest in the M & M Investment Company, a partnership. The partnership agreement provided that, upon the death of any partner, "the survivors shall purchase the interest of the deceased party" in a manner outlined in the agreement.[1] Burt W. Marshall, the surviving partner, refused to purchase the deceased partner's interest and contended that the agreement created only an option to purchase the interest.

The Seattle-First National Bank, as executor, moved for and was awarded, on June 28, 1973, a summary judgment compelling Marshall to purchase the 20 percent interest in the partnership pursuant to the partnership agreement. On October 29, 1973, July 17, 1974, October 24, 1974, and November 14, 1974, various orders supplementing, modifying, and/or clarifying the original summary judgment were entered. Marshall filed notice of appeal from the November 14, 1974, order.

While these proceedings were taking place, Marshall petitioned for and, on November 1, 1974, was granted ex parte orders appointing himself as administrator of the partnership property and another person to serve as appraiser of the partnership property. The Seattle-First National Bank now appeals and challenges the two appointments.

The first issue presented is whether the executor's motion to dismiss Marshall's appeal should be granted. CAROA 14 governs the appealability of final judgments

---

[1]The agreement of partnership provided in paragraph 14 as follows:

"SALE OF DECEASED PARTY'S INTEREST: In the event of the death of any party hereto the survivors shall purchase the interest of the deceased party in the ratio determined by paragraph 18 herein or in such other ratio as may be agreed between such survivors at the 'reasonable market value' of such interest at the time of such party's death."

and orders. We hold that the rule does not permit the present appeal.

Three subsections of CAROA 14 are pertinent to the appeal. They state:

> An aggrieved party may appeal a cause over which the court of appeals has jurisdiction from any and every of [the] following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding:
>
> (1) From the final judgment entered in any action or proceeding. An appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment. . . .
>
> . . .
>
> (6) From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; . . .
>
> (7) From any final order made after judgment, which affects a substantial right; and an appeal from any such order shall also bring up for review any previous order in the same action or proceeding which involves the merits and necessarily affects the order appealed from,
>
> . . .

CAROA 14(1) does not permit the present appeal from the order entered November 14, 1974, for the order is not a "final judgment" within the purview of the rule. As stated in *Nestegard v. Investment Exch. Corp.*, 5 Wn. App. 618, 622-23, 489 P.2d 1142 (1971):

> The question whether a judgment is final for appeal purposes is not always clear. . . . CAROA 2 defines judgment as "any judgment, order or decree from which an appeal lies." Some light is cast upon the meaning of the term judgment in CAROA 14(1) when considered in connection with RCW 4.56.010, which defines judgment as "the final determination of the rights of the parties in the action." The term "judgment" is to be distinguished from "order." The latter term is not separately defined in the rules, but its meaning may be gathered from RCW 4.56.020, which provides "Every direction of a court or judge, made or entered in writing, not included in a judgment, is denominated an order." . . .

The term "final judgment" as used in CAROA 14(1) is distinguished from "order" as used in CAROA 14(2)-(6), (8), and from the term "final order made after judgment" as used in CAROA 14(7). Each subdivision of rule 14 describes a different category of judicial determination. Presumably no duplication or overlapping of coverage is intended.

■ Was the decree of June 28, 1973, or the decree of November 14, 1974, a "final judgment"? We hold the decree of June 28, 1973, was final and appealable. It granted a summary judgment to the Seattle-First National Bank and in accordance with CR 54, which defines judgment and supersedes RCW 4.56.010 (cited in *Nestegard v. Investment Exch. Corp., supra*), the decree is a "final determination of the rights of the parties in the action . . ." A summary judgment in an action involving neither multiple parties nor multiple claims is a final appealable judgment.

Clearly under general principles when the court, in a single claim action, has summarily adjudicated the single claim in its entirety, the summary judgment is final for purposes of appeal.

(Footnote omitted.) 6 J. Moore, *Federal Practice* ¶ 56.21, [1.-2](1) (2d ed. 1976). *See Lone Star Cement Corp. v. F.T.C.*, 339 F.2d 505 (9th Cir. 1964); 9 J. Moore, *Federal Practice* ¶¶ 110.06-110.15 (2d ed. 1975); 10 C. Wright & A. Miller, *Federal Practice & Procedure* § 2715 (1973). Here, the decree is not subject to de novo review, and, though it directs performance of subsidiary acts, the summary judgment entered on June 28, 1973, was final within the meaning of CAROA 14(1). *Nestegard v. Investment Exch. Corp., supra.*[2]

---

[2] *In re Estate of Zoulas*, 48 Wn.2d 298, 293 P.2d 395 (1956), is not applicable. In *Zoulas* the heirs of an intestate deceased partner objected to the administrator's final account. The surviving partner had not filed a verified inventory and appraisal of the partnership assets and a list of the partnership liabilities as required by RCW 11.64.002. It was held that failure to comply with the statute precluded approval of the administrator's final account and distribution.

This case is not an appeal from an order approving a final account and petition for distribution. The action here is to compel a surviving partner to comply with the terms of a partnership agreement. Neither

The order entered November 14, 1974, on the other hand, was an order entered to modify and clarify an earlier order dated July 17, 1974. An "order" is defined by CR 54 as "[e]very direction of a court or judge, made or entered in writing, not included in a judgment . . ." The order of November 14, 1974, was not a final determination of the rights of the parties and was not appealable as a final judgment under CAROA 14(1). *Nestegard v. Investment Exch. Corp., supra.*

Similarly, neither CAROA 14(6) nor 14(7) permits the present appeal from the November 14, 1974, order. Although both subsections (6) and (7) of CAROA 14 will permit, under certain circumstances, appeals from orders entered subsequent to a final judgment, the record must demonstrate that the later order prejudicially affects a substantial right other than rights adjudicated by the earlier final judgment. *Nestegard v. Investment Exch. Corp., supra.* No prejudicial violation of any substantial rights caused by the entry of the November 14, 1974, order has been asserted here. The contention advanced is that the granting of the summary judgment prior to the order of November 14, 1974, was erroneous and should be reviewed. The propriety of the November 14, 1974, order, therefore, cannot be reviewed, for no prejudicial denial of a substantial right has been demonstrated. In addition, an appeal from a subsequent order that has been shown to have affected prejudicially a substantial right will not bring up for review a prior final judgment in the same cause, especially after expiration of the 30-day appeal time mandated by CAROA 33. CAROA 14(7) permits review of only a "previous order," and, as stated in *Nestegard v. Investment Exch. Corp., supra* at 626:

A contrary view would fail to give effect to each subdivi-

---

the final account nor distribution in probate is involved. As parenthetically stated in *In re Estate of Zoulas, supra* at 302:

No argument has been presented to us, based upon possible rights of the surviving partner which may arise under the uniform partnership act. RCW 25.04. Our decision, therefore, is based only upon a consideration of the probate code.

sion of rule 14 without unnecessary overlapping coverage . . . and would violate our duty to give effect to the purposes intended to be served by the appeal time period set forth in CAROA 33, namely, that litigation shall be concluded expeditiously.

Here, the time for filing an appeal from the summary judgment had expired. The motion to dismiss the appeal of Marshall is granted.

The question presented by the Seattle-First National Bank appeal is whether the Superior Court properly appointed the surviving partner to serve as a probate administrator of the partnership assets and an appraiser to assess the value of the partnership property.

The challenged appointments were unauthorized. RCW 11.64.002 outlines the acts required of a surviving partner upon the death of a partner to probate a deceased partner's estate. The surviving partner must, within 30 days after the death of a partner, file a verified inventory listing the assets of the partnership at book value and the liabilities of the partnership. In addition, if letters testamentary or of administration have been issued, then the surviving partner shall cause the partnership assets to be appraised, listing the value of the assets and listing the liabilities.

The appointments made were not directed by the statute. First, the surviving partner need not be appointed administrator, for RCW 25.04.250 provides that

(1) A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.
(2) The incidents of this tenancy are such that:

. . .

(d) On the death of a partner, his right in specific partnership property vests in the surviving partner. . . . Such surviving partner . . . has no right to possess the partnership property for any but a partnership purpose.

See *Jones v. Shatina*, 2 Wn. App. 873, 471 P.2d 110 (1970); Comment, *Administration of Partnership Estates in Washington: Probate Code v. Uniform Partnership Act*, 22 Wash. L. Rev. 35 (1947). Here, the rights to the partnership property for partnership purposes vested, pursuant to RCW

25.04.250 (2) (d), in the surviving partner. Appointment of the surviving partner as probate administrator of the partnership property was unauthorized and superfluous.

■ Second, RCW 11.64.002 does not authorize the appointment of an appraiser of the partnership property. The statute directs the surviving partner to "cause the assets of the partnership to be appraised" if letters testamentary or of administration have been issued. Responsibility for a proper appraisal rests with a surviving partner without the appointment and supervision of an appraiser. RCW 11.44.066, 11.64.002, and 11.64.040 became the guiding statutes under the circumstances when the prior provision for appointment by the court of an appraiser of a decedent's estate, RCW 11.44.055, was repealed as of October 1, 1974, changing the preexisting procedural format. Laws of 1974, 1st Ex. Sess., ch. 117, § 55, p. 315. At present, the valuation of the fair market value of the inventory of a decedent's estate is left to the personal representative. In discharging the duty, the personal representative may employ the aid of an appraiser. RCW 11.44.066. As stated in the comment to the comparable section in the Uniform Probate Code, "This and the following sections eliminate the practice now required by many probate statutes under which the judge is involved in the selection of appraisers." 1972 U.L.A. 440, § 3-706. Even prior to the repeal of RCW 11.44.055, however, RCW 11.64.002 itself obviated any need for the appointment of an additional appraiser to value partnership property. If the surviving partner's appraisal was questioned, the appraiser of the decedent's estate appointed by the court under former RCW 11.44.055 was permitted to appraise the partnership property. RCW 11.64.002. These statutes do not require two appraisers to value the same property. The appointments were improper.

The appeal challenging the enforcement of the partnership agreement is dismissed and the appointments of an administrator and an appraiser of the partnership property are reversed.

WILLIAMS, C.J., and ANDERSEN, J., concur.

Petition for rehearing denied April 28, 1977.

Review by Supreme Court pending September 29, 1977.