# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| In the Matter of Marriage of | ) | No. 74331-7-I |
| | ) | |
| KIMBERLY ARZABAL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHRISTOPHER ARZABAL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: January 23, 2017 |
| | ) | |

VERELLEN, C.J. — Kimberly Arzabal appeals the superior court's denial of her motion to vacate pursuant to CR 60. Because the denial of the motion to vacate did not constitute a final judgment for purposes of RAP 2.2(a)(1) and (10), we dismiss the appeal.

## FACTS

Kimberley and Christopher Arzabal[1] were divorced on March 28, 2013, and Christopher was ordered to pay $2,000 per month in spousal maintenance for a period of five years commencing April 1, 2013. On March 23, 2015, Christopher filed a pro se "Motion to Remove" spousal maintenance, claiming that he could not afford to pay $2,000 per month. After a hearing on April 7, 2015, Whatcom County

---

[1] For clarity, we refer to the Arzabals by their first names.

Commissioner Heydrich denied Christopher's motion, finding that "at this time" Christopher had not met his burden of proof of a substantial change in circumstances/income.[2]

Christopher obtained counsel and filed a "Motion for Modification" on May 6, 2015. He sought to modify two orders: an allegedly mistaken wage assignment order entered April 7, 2015, and the original 2013 maintenance order based upon a change of income. In support of his motion, Christopher filed his own declaration and a declaration from his employer.

On May 15, 2015, Kimberly filed a response, in part claiming that Christopher's "Motion for Modification" was the same as his earlier "Motion to Remove" spousal maintenance.

After a hearing and submission of financial declarations by both parties, Whatcom County Commissioner Henley determined there had been an unforeseen and substantial change in Christopher's circumstances that affected his ability to earn income and pay maintenance. On June 16, 2015, Commissioner Henley entered an order reducing Christopher's maintenance obligation to $598.85 per month, effective May 6, 2015.

Kimberly moved to revise Commissioner Henley's decision, in part claiming res judicata and collateral estoppel. Christopher filed a response claiming that res judicata did not preclude his motion to modify because the commissioner's decision at the earlier hearing was based only on Christopher's failure as a pro se litigant to make the showing required for modification.

---

[2] Clerk's Papers (CP) at 55.

On June 26, 2015, Whatcom County Superior Court Judge Snyder heard Kimberly's motion for revision. On September 18, 2015, the superior court entered a written order setting aside the commissioner's June 16, 2015 order and remanding to the commissioner to determine "whether the Defendant's change of circumstances is voluntary and whether the modification should be a complete reduction or a temporary suspension so that maintenance arrears would still accrue."[3] On September 22, 2015, Christopher filed a motion for determination of the additional facts and for an order reinstating the earlier ruling.

On October 12, 2015, Kimberly filed a motion to vacate pursuant to CR 60. She sought to vacate the June 16, 2015 order entered by Commissioner Henley and the September 18, 2015 order entered by Judge Snyder, as well as Christopher's May 6, 2015 "Motion for Modification of Orders." Kimberly claimed that Christopher's March 23, 2015 motion to remove maintenance and his May 6, 2015 "Motion for Modification of Orders" were "virtually identical" and thus, the commissioner erred in entertaining the May 6, 2015 motion. She further claimed that Christopher should have filed a motion to reconsider, a motion for revision, or an appeal from the April 7, 2015 order instead of filing the new motion.

Christopher filed a response on October 21, 2015, noting that the exact issue raised in Kimberly's motion to vacate had already been raised in her motion for revision and ruled upon by the superior court.

On October 30, 2015, the superior court denied Kimberly's motion to vacate. Kimberly appealed the October 30, 2015 order.

---

[3] Id. at 188.

On November 13, 2015, Commissioner Henley entered an order on remand that included findings to support his determination that Christopher had demonstrated a substantial change in circumstances and financial condition warranting a reduction in maintenance starting May 6, 2015. On February 2, 2016, Commissioner Henley entered a second order providing that Christopher should begin paying Kimberly $1,000 per month beginning May 6, 2015, but suspending the payments until Christopher was again working 30 hours or more per week.

## DISCUSSION

Kimberly appeals the denial of her motion to vacate brought pursuant to CR 60, which provides relief from a "judgment or order." However, Kimberly is only entitled to appeal from a final judgment or an order denying a motion to modify a judgment.[4] She has failed to do so.

RAP 2.2(a)(1) provides that a party may appeal from a "final judgment entered in any action or proceeding." A "final judgment" is one that settles all the issues in a case.[5] RAP 2.2(a)(10) provides that a party may appeal from an order denying a "motion to vacate a *judgment*."[6] In her CR 60 motion to vacate, Kimberly did not seek to vacate a judgment; instead, she sought to vacate two orders: (i) the superior court's September 18, 2015 order on revision setting aside the commissioner's June

---

[4] RAP 2.2(a)(1) and (10).

[5] Anderson & Middleton Lumber Co. v. Quinault Indian Nation, 79 Wn. App. 221, 225, 901 P.2d 1060 (1995) ("A final judgment is a judgment that ends the litigation, leaving nothing for the court to do but execute the judgment."), aff'd, 130 Wn.2d 862, 929 P.2d 379 (1996); see CR 54(a)(1) (providing that a "judgment is the final determination of the rights of the parties in the action").

[6] (Emphasis added.)

26, 2015 order and remanding to the commissioner for additional fact finding; and (ii) the commissioner's June 26, 2015 order. Because the superior court remanded the matter to the commissioner for further findings, its September 18, 2015 order is not a "judgment" for purposes of appeal.[7] After the superior court denied Kimberly's motion to vacate, the September 18, 2015 order remained in effect. That order anticipates additional proceedings, and additional proceedings did in fact take place subsequent to Kimberly's appeal. Therefore, Kimberly is not entitled to an appeal as a matter of right. Neither has Kimberly sought discretionary review or offered any argument that would support discretionary review.[8]

Pursuant to Judge Snyder's September 18, 2015 order of remand, Commissioner Henley entered an order on November 13, 2015, that included findings in support of his determination that Christopher had demonstrated a

---

[7] Seattle-First Nat'l Bank v. Marshall, 16 Wn. App. 503, 508, 557 P.2d 352 (1976) (CR 54(a)(2) defines an order as "'[e]very direction of a court or judge, made or entered in writing, not included in a judgment.'" But an order is not appealable as a final judgment because it is not "a final determination of the rights of the parties.").

[8] RAP 2.3(b) sets forth the considerations governing acceptance of discretionary review. The only applicable categories would require obvious or probable error by the superior court. Kimberly contends that she was entitled to relief because Christopher's May 6, 2015 motion to modify was barred by res judicata and collateral estoppel, but the trial court has broad authority to consider such a motion. See RCW 26.09.170(1) (trial court has continuing jurisdiction to consider modification of spousal maintenance); In re Marriage of Cook, 28 Wn. App. 518, 521, 624 P.2d 743 (1981) ("The statutory provision allowing for modification of a divorce decree represents a departure from the common law res judicata rule."). Moreover, because the superior court already considered Kimberly's res judicata argument, the trial court properly denied her CR 60 motion. Weems v. North Franklin School Dist., 109 Wn. App. 767, 778, 37 P.3d 354 (2002) (a court does not abuse its discretion in denying a CR 60(b) motion when it raises issues already considered by the court), abrogated on other grounds in Federal Way School Dist. No. 210 v. Vinson, 172 Wn.2d 756, 773-74, 261 P.3d 145 (2011).

substantial change in circumstances and a financial condition warranting a reduction in maintenance. The commissioner entered a second order on February 2, 2016, providing that Christopher should begin paying Kimberly $1,000 per month beginning May 6, 2015, but suspending the payments until Christopher is working 30 hours or more per week. Those orders are not the subject of this appeal. If Kimberly was dissatisfied with the commissioner's November 13, 2015, and February 2, 2016 orders, her remedy was to appeal or to seek revision of these orders.[9] It appears she did not avail herself of those remedies.

### Attorney Fees

Christopher seeks attorney fees incurred on appeal under RCW 26.09.140 and RAP 18.1.[10] "Under RAP 18.1, we may award attorney fees if authorized by applicable law."[11] RCW 26.09.140 gives this court discretion to award attorney fees incurred on appeal. In exercising our statutory discretion, we consider the parties' financial resources as well as the arguable merit of the issues appealed.[12] A party must timely file an affidavit of financial need in order for that party's resources to be considered.[13] In the absence of any financial affidavits, we decline to award attorney fees on appeal.

---

[9] See RCW 2.24.050 (absent a demand for revision within ten days after the court commissioner enters an order or judgment, the order or judgment becomes an order or judgment of the superior court and appellate review "may be sought in the same fashion as review of like orders and judgments entered by the judge").

[10] Resp't's Br. at 22-23.

[11] In re Marriage of Raskob, 183 Wn. App. 503, 520, 334 P.3d 30 (2014).

[12] Id.

[13] Id.; RAP 18.1(c).

## CONCLUSION

Because the superior court's October 15, 2015 order denying a motion to vacate is neither a final judgment nor an order denying a motion to vacate a judgment, this matter is not appealable as a matter of right. We dismiss the appeal. We also deny Christopher's request for attorney fees on appeal.

_____

WE CONCUR:

_____
Mann, J.

_____
Spearman, J.