IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Estate of<br><br>RALPH E. BETTYS,<br><br>                    Deceased.<br>———————————————————<br>JOHN E. BETTYS,<br><br>                 Appellant,<br><br>      v.<br><br>KATHI MARIE TJEERDSMA,<br><br>                Respondent. | No. 82678-6-I<br><br><br><br><br><br><br>UNPUBLISHED OPINION |

VERELLEN, J. — In the midst of a probate proceeding, John Bettys challenges the trial court's determination that proceeds from the sale of certain real property belong to a living trust and are not part of the decedent's estate. Because probate is ongoing and the estate is not closed, we conclude that the trial court's ruling is not appealable as a matter of right. Therefore, we dismiss the appeal as premature.

<u>FACTS</u>

In 1997, former spouses Ralph Bettys and Sylvia Bettys created the Bettys Revocable Living Trust to put certain real property into trust for the benefit of their four adult children: Shelia Tuff, Edwina King, Kathi Tjeerdsma, and John Bettys.

Ralph[1] contributed his property at 9334 Padilla Heights Road in Anacortes to the living trust, while Sylvia added her neighboring property at 9434 Padilla Heights Road.

After Sylvia died in 2012, Ralph served as sole trustee of the living trust. In 2015, in his role as trustee, Ralph purported to convey the 9334 property to himself by virtue of a quit claim deed with no consideration paid to the living trust. In 2020, Ralph died testate and Kathi, the successor trustee, began to administer the living trust.

In March 2020, the Skagit County Superior Court admitted Ralph's last will and testament of May 2015 to probate and appointed Kathi as personal representative of his estate. Kathi then sold the 9334 property and paid the net sale proceeds of $394,762.47 to the estate.

During the course of probate, John asserted that the 9334 property was part of the estate and subject to a 50/50 division between Kathi and himself pursuant to the terms of the will. Kathi, acting as personal representative, raised the question whether the 2015 purported transfer by Ralph, as trustee, to himself individually was valid. Accordingly, Kathi petitioned for an order resolving 12 issues concerning various aspects of the probate, one of which included a determination "that the Deed Ralph Bettys executed in 2015 was not a valid exercise of Trustor powers under the Trust Agreement and that the proceeds from the 9334 Property should be distributed in accordance with the Trust Agreement."[2]

---

[1] For clarity, we refer to the parties and other individuals by their first names.

[2] Clerk's Papers (CP) at 78.

On March 12, 2021, the trial court heard oral argument on the parties' various requests in this probate proceeding. The court ruled on most of the issues raised, subsequently entered a corresponding order, but reserved ruling on the validity of Ralph's transfer of the 9334 property until a later date.[3]

Following an April 14 hearing,[4] on April 30, 2021, the trial court entered an order that the living trust had not been revoked by Ralph, Ralph did not have the authority to revoke the living trust or to transfer the 9334 property from the living trust to himself and, therefore, the proceeds of the sale of the property were not an asset of the estate but are subject to the living trust.

John, appearing pro se, appeals the April 30 order.[5]

ANALYSIS

John contends that the trial court made three errors in reaching its decision regarding the 9334 property. He avers that the court (1) abused its discretion by contravening the clear intent of the decedent during probate proceedings, (2) ignored the real property's title deeds in place at the time of Ralph's death, and (3) failed to properly interpret applicable law.

---

[3] At this hearing, there was no discussion of the living trust being involved in proceedings under the Declaratory Judgments Act, chapter 7.24 RCW, or Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW.

[4] A transcript of the April 14 hearing was included in the record on appeal.

[5] Pro se litigants are held to the same standards as attorneys and must comply with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (citing In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)).

As a threshold matter, Kathi, as personal representative of the estate, moves under RAP 17.4(d) to dismiss this appeal as premature.[6] Kathi argues that "[t]he order from which John Bettys purports to appeal is plainly not a final order disposing of all parties and claims in the case and does not fit any other category from which an appeal may be taken of right under RAP 2.2."[7] She also files a declaration, under RAP 17.4(f), asserting that the probate remains open in the trial court and attaching an August 2021 order from the ongoing proceedings. In response to this motion, John asserts that "[t]his appeal is ripe wherefore upon completion Ralph's [sic] assets must be distributed even if appellant must obtain another Superior Court's order to require trust compliance and final trust distribution."[8]

RAP 2.2(a)(1) provides that a party may appeal from a "final judgment entered in any action or proceeding." A "final judgment" is one that settles all the issues in a case.[9] The April 30 order at issue here is not a "judgment" for purposes of appeal.[10] The record we have does not contain, nor do the parties reference, a final accounting, an order approving a final distribution of the probate estate, or a

---

[6] "A party may include in a brief only a motion, which if granted, would preclude hearing the case on the merits." RAP 17.4(d).

[7] Resp't's Br. at 10.

[8] Appellant's Reply Br. at 2.

[9] Anderson & Middleton Lumber Co. v. Quinault Indian Nation, 79 Wn. App. 221, 225, 901 P.2d 1060 (1995) ("A final judgment is a judgment that ends the litigation, leaving nothing for the court to do but execute the judgment."); CR 54(a)(1) (providing that a "judgment is the final determination of the rights of the parties in the action").

[10] Orders generally are not the equivalent of a final judgment or otherwise appealable as a final determination of the rights of a party. Seattle-First Nat'l Bank v. Marshall, 16 Wn. App. 503, 508, 557 P.2d 352 (1976).

4

declaration of competition from the personal representative.[11]  It is evident that probate of Ralph's estate has not closed.  Nor has John given us any authority establishing that an order concluding that one asset is not part of the probate estate is a final judgment or otherwise appealable as a matter of right under RAP 2.2.

Because the trial court's April 30 order was not a final determination of the rights of the parties, and such rights are subject to ongoing proceedings, it is not appealable as a matter of right.

We dismiss the appeal as premature.

WE CONCUR:

---

[11] We note that the parties have not designated as part of the appellate record a copy of the personal representative's original petition commencing probate of Ralph's estate.