# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68873-1 |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| DONNA L. HOWLAND, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 24, 2014 |

SPEARMAN, A.C.J. — More than two decades after Donna Howland was found not guilty of first-degree murder by reason of insanity and confined to Western State Hospital (WSH), she petitioned for conditional release under RCW 10.77.150. The trial court dismissed the petition without a hearing, concluding it was frivolous because it was unsupported by expert testimony. Howland appeals, contending the trial court erred by requiring her to provide expert testimony in support of her petition. We conclude that the trial court's order is not appealable as of right under RAP 2.2 and that discretionary review under RAP 2.3 is not warranted. Accordingly, we dismiss Howland's appeal.

## FACTS

In 1988 Donna Howland was charged with first-degree murder in the death of her boyfriend. At that time, Howland had a three-year history of repeated hospitalization for suicidal gestures and psychotic ideation. Prior to trial, she was diagnosed with chronic

paranoid schizophrenia and borderline personality disorder. Howland pleaded not guilty by reason of insanity and was acquitted of the murder charge. The trial court found that Howland presented a substantial danger to the public and a substantial likelihood of committing felonious acts if not confined to a state mental hospital. It ordered Howland committed to Western State Hospital (WSH).

After nearly two decades of treatment, during which Howland made significant progress, WSH recommended that she be conditionally released. In May 2005, Howland was transferred to a group home in West Seattle. After struggling with delusions, depression, and diabetes, she returned voluntarily to WSH for stabilization from June to July 2009. In February 2010, after refusing to take her medication and becoming increasingly agitated, Howland was involuntarily readmitted to WSH. The court revoked her conditional release on May 28, 2010 and she has since remained at WSH.

On February 7, 2012, Howland filed a one page petition requesting a hearing on the issue of her conditional release, but included no supporting declarations.[1] The State moved to dismiss, the petition as frivolous because Howland could not "present any evidence whatsoever that supports a conditional release at this time." Clerk's Papers at 65.

In support of its motion, the State submitted a letter, dated October 12, 2011, in which Howland's primary therapist and attending psychologist opposed her conditional

---

[1] Howland filed a previous motion for conditional release in March 0f 2011 without the support of WSH. The denial of that petition is not at issue in this appeal.

release. The State also presented a letter from the WSH Risk Review Board (RRB) dated March 15, 2012, which noted ongoing symptoms of mental illness, including paranoia, fixed delusions, and an unwillingness to fully engage in recommended treatment. This letter also expressed the RRB's determination that "Howland is considered a substantial danger to other persons, and she DOES present a substantial likelihood of committing criminal acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions." CP at 83. The only witness Howland intended to call at an evidentiary hearing was her then current primary therapist, Clyde Travis, a member of the RRB and signer of the March 15, 2012 letter.

The trial court observed that:

> The Risk Review Board found that given her fixed delusions, her acute psychotic symptoms and trouble managing emotional liability, Ms. Howland is a substantial danger to other persons and presents a substantial likelihood of committing criminal acts jeopardizing public safety or security. There has been no declaration provided by defense to the contrary . . . .

CP at 108. It then concluded that "[w]ithout expert testimony to support defendant's position, the court has no basis to conditionally release the defendant. Without any such evidence, her petition is frivolous and will be dismissed." Id.

Howland appeals.

## DISCUSSION

As a threshold matter, we consider the appealability of the trial court's order dismissing Howland's petition for conditional release. Howland contends that she is

entitled to appeal under RAP 2.2(a) or, in the alternative, this matter is appropriate for discretionary review under RAP 2.3(b)(2). We disagree with both contentions.

## Right to Appeal

Howland asserts that she may appeal the trial court's order dismissing her petition as a matter of right under RAP 2.2(a). She observes that the rule provides for appeal as of right of other types of mental health treatment orders and other orders entered after trial and argues by analogy, that the order in this case is also appealable.[2] Howland is incorrect.

In general, the failure to mention a particular proceeding in RAP 2.2(a) indicates the Supreme Court's intent that the matter be reviewable only by discretionary review under RAP 2.3. In re of Chubb, 112 Wn.2d 719, 721, 773 P.2d 851 (1989). As Howland notes, an order of commitment is listed as an appealable order under RAP 2.2(a), but the rule makes no mention of an order denying a motion for the conditional release of a person already committed. In light of Chubb, we conclude that the matter is not appealable as a matter of right under RAP 2.2(a) (1)-(12).

Howland also cites RAP 2.2(a) (13), which provides for appeal from "[a]ny final order made after judgment that affects a substantial right." However, she fails to

---

[2] For example, orders of incompetency (RAP 2.2(a)(7)); commitment (RAP 2.2(a)(8)); on motion for new trial or amendment of judgment (RAP 2.2(a)(9); for vacation of judgment (RAP 2.2(a)(10); on arrest of judgment (RAP 2.2(a)(11); and denying a motion to vacate order of arrest of a person (RAP 2.2(a)(12).

establish that the superior court's order denying her motion for conditional release is a "final order" within the meaning of the rule.[3]

In re Petersen, 138 Wn.2d 70, 980 P.2d 1204 (1999), is instructive. In that case, Petersen had been adjudicated a sexually violent predator (SVP) pursuant to chapter 71.09 RCW and was indefinitely committed to the Special Commitment Center for treatment. Under the statute Petersen was entitled to annual reviews at which the trial court was to consider whether there was probable cause to believe Petersen's condition had so changed, he either no longer met the definition of an SVP or that he could be conditionally released. RCW 71.09.090(2). If so, Petersen would be entitled to a full evidentiary hearing on the issue. The trial court concluded that probable cause had not been established and declined to set the matter on for a full hearing. Petersen sought direct review in our Supreme Court, asserting a right to appeal as a matter of right under RAP 2.2(a)(13). The Court rejected his assertion and expressly held that RAP

---

[3] Howland's arguments to the contrary are unpersuasive. First, relying on Seattle First Nat'l Bank v. Marshall, 16 Wn. App. 503, 508, 557 P.2d 352 (1976), Howland contends that, because the trial court's order prejudicially affects a substantial right other than one which was adjudicated by an earlier judgment, it is a "final order." Reply Brief at 3-4. Under certain circumstances, appeals from orders entered subsequent to a final judgment are permitted if the orders prejudicially affect a substantial right other than rights adjudicated by the previously entered final judgment. Seattle First Nat'l Bank, 16 Wn. App. at 506-08; RAP 2.2(a) (13). However, that an order affects a substantial right is not enough to warrant review. In addition, the order must determine the action or proceeding and prevent a final judgment therein, discontinue the action, or otherwise be a "final order." Ibid. Thus, review of an order entered after judgment is predicated upon a showing of (1) effect on a substantial right and (2) finality. Although Howland arguably satisfies the first prong, she fails to satisfy the second. Howland cites State v. Klein, 156 Wn.2d 103, 124 P.3d 644 (2005); State v. Reid, 144 Wn.2d 621, 30 P.3d 465 (2001); State v. Haney, 125 Wn. App. 118, 104 P.3d 36 (2005); State v. Sommerville, 86 Wn. App. 700, 701, 937 P.2d 1317 (1997) to argue that appellate courts "routinely consider[] the denial of an insanity acquittee's application for release to be an appealable order." Appellant's Reply Brief at 4. Her reliance on these cases is misplaced. Klein, Reid, and Haney are inapposite because those cases concerned orders denying final release, not conditional release. Howland is correct that we did review an order denying conditional release in Sommerville, but because there is no indication that the issue of appealability was raised by the parties, it is not binding precedent on this issue and we decline to follow it.

2.2(a)(13) was inapplicable because the trial court's order denying a full evidentiary hearing "is not a final order after judgment in light of the court's continuing jurisdiction over the committed persons until their unconditional release. In re Peterson, 138 Wn.2d 88 (citing RCW 71.09.090(3)). It disposes only of the petition before the trial court and achieves no final disposition . . . ."

Similarly, here, the trial court has continuing jurisdiction over Howland under RCW 10.77.200. Nor has the trial court's denial of her motion for conditional release settled all the issues in her case. It disposed only of the petition before the court at that time. It is evident from the record in this case that Howland's mental health status is not static and she may, under RCW 10.77.140[4] and RCW 10.77.150,[5] move for conditional release at least every six months. At which time, she may present new evidence regarding the propriety of her release under the statutory criteria. See In re Dependency of Chubb, 112 Wn.2d at 724. We conclude that Howland may not appeal as a matter of right under RAP 2.2(a)(13) because the trial court's order denying her motion for conditional release is not a "final order."

## Discretionary Review

In the alternative, Howland seeks discretionary review of the order denying her petition. Under RAP 2.3(b) discretionary review may only be accepted in the following

---

[4] "Each person committed to a hospital or other facility or conditionally released pursuant to this chapter shall have a current examination of his or her mental condition made by one or more experts or professional persons at least once every six months . . . ."

[5] "Any person, whose application for conditional release has been denied, may reapply after a period of six months from the date of denial."

circumstances:

> (1) The superior court has committed an obvious error which would render further proceedings useless;

> (2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act;

> (3) The superior court has so far departed from the accepted and usual course of proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court; or

> (4) The superior court has certified, or all the parties to the litigation have stipulated, that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation.

Howland contends review is appropriate under RAP 2.3(b)(2). A party seeking discretionary review under that section must show that the trial court committed probable error and that the decision substantially alters the status quo or substantially limits the freedom of a party to act. Howland fails to satisfy either prong.

<u>Probable Error</u>

Howland asserts that the trial court committed probable error when, without a hearing, it summarily dismissed her petition for conditional release as frivolous because it was unsupported by expert testimony. Howland claims this is so because, as she sees it, the trial court abused its discretion when it wrongly

7

concluded that in the absence of expert testimony in support of the petition, it did not have the discretion to conduct a hearing on the matter.

The statute under which Howland petitioned for relief, provides that "[t]he court may schedule a hearing on applications recommended for disapproval by the secretary" [of the Department of Social and Health Services (DSHS)] (emphasis added.)."[6] See RCW 10.77.150(3)(a) (emphasis added). Thus, when an individual petitions the court directly for conditional release without the approval of the secretary, the court has discretion whether to convene a hearing. State v. Platt, 143 Wn.2d 242, 248, 19 P.3d 412 (2001). Because Howland's petition was opposed by WSH, whether to grant a hearing on the petition was a matter within the trial court's discretion.

A trial court abuses its discretion when a decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. . . .' A discretionary decision rests on 'untenable grounds' or is based on 'untenable reasons' if the trial court relies on unsupported facts or applies the wrong legal standard; the court's decision is 'manifestly unreasonable' if 'the court, despite applying the correct legal standard to the supported facts, adopts a view 'that no reasonable person would take.'" Mayer v. STO Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006) (quoting State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

---

[6] Under WAC 388-875-0090, either the Superintendent of the treatment facility (here, Western State Hospital) or the director of the division is authorized to act on behalf of the Secretary of DSHS on application for conditional release.

The crux of Howland's argument is that the trial court's decision was untenable because it applied the wrong legal standard when, in her view, the trial court concluded it was without authority to hold a hearing on her petition because it was not supported by expert testimony. Howland argues the only issue before the court was whether she presented "substantial danger to other persons, or substantial likelihood of committing criminal acts jeopardizing public safety or security." RCW 10.77.150(c). She contends the trial court confused the issues of her mental health status, for which an expert opinion is required, and of her dangerousness, which Howland argues is "not a technical or scientific question that required expert testimony to determine."[7] Reply Br. of Appellant at 7.

But, in this case, there is nothing untenable about the trial court's decision. In support of its motion to dismiss the petition, the State offered a letter dated October 12, 2011, from Howland's primary therapist and attending psychiatrist and a letter dated March 15, 2012 from the Western State Hospital Risk Review Board. Neither supported Howland's petition for conditional release and the latter specifically opined that because of her mental illness, Howland "is considered a substantial danger to other persons" and presents "a substantial likelihood of committing criminal acts jeopardizing public safety or security. . . ." CP at 83. In light of this compelling evidence, it was not an abuse of discretion to require Howland to present an expert opinion in support of her petition

---

[7] We note Howland cites no authority for her assertion that expert testimony is unnecessary to assist in the determination of whether a person who suffers from a mental illness presents a substantial danger to others.

before conducting a full blown hearing. Therefore, we conclude there was no probable error.

## Limitation of a Party's Freedom to Act

Even assuming probable error, Howland is not entitled to discretionary review unless she can show that the trial court's decision meets the "effect prong" of the rule, i.e., that the decision "substantially alters the status quo or substantially limits the freedom of a party to act." RAP 2.3(b)(2). Howland contends that she satisfies this requirement because the trial court's decision "means she may not file a petition under that statute in the future without presenting expert testimony." Reply Br. of Appellant at 7. Howland misperceives both the requirements of this prong of the rule and the trial court's decision.

Determining when the effect prong of RAP 2.3(b)(2) warrants accepting discretionary review is not easily done. Read literally, nearly every trial court decision alters the status quo or limits a party's freedom to act to some degree and, at least arguably, substantially. But because motions for discretionary review, though frequently made, are seldom granted, it is evident that a trial court order denying a motion to dismiss, excluding a crucial piece of evidence or granting a partial motion for summary judgment is generally insufficient to satisfy the effect prong. Understanding the reason the rule ties discretionary review to the effect of a trial court's decision on the status quo or a party's freedom to act, is helpful in correctly applying the effect prong to the facts of a particular case.

Former Supreme Court Commissioner Geoffrey Crooks observed in his law review article on discretionary review:

> Subsection (b)(2) was intended to apply 'primarily to orders pertaining to injunctions, attachments, receivers, and arbitration, which have formerly been appealable as a matter of right.'

Geoffrey Crooks, <u>Discretionary Review of Trial Court Decisions under the Washington Rules of Appellate Procedure</u>, 61 WASH. L. REV., 1541, 1545-46. (1986) (quoting RAP 2.3 cmt. b). But because "[n]othing in subsection (b)(2) limits its applicability to cases involving injunctions and the like[,]" practically applying the rule and drawing meaningful distinctions between those cases appropriate for discretionary review and those that are not is difficult. <u>Id</u>. at 1546

Crooks suggests that keeping the drafter's intentions in mind when considering whether discretionary review is appropriate is helpful. He contends that discretionary review should be accepted only when a trial court's order has, as with an injunction, an immediate effect outside the courtroom. For example, when a party is compelled by court order to remove a structure, the order, if given effect, quite literally alters the status quo. Or if a court restrains a party from disposing of his or her private property, the party's freedom to act to conduct his or her affairs, is at least arguably, substantially limited. In each example, the court's action has effects beyond the parties' ability to conduct the immediate litigation. When this occurs in combination with the trial court's probable error, discretionary review is appropriate. But where a trial court's action merely alters the status of the litigation itself or limits the freedom of a party to act in the conduct of the lawsuit, even if the trial court's action is probably erroneous, it is not

sufficient to invoke review under RAP 2.3(b)(2). Errors such as these are properly reviewed, if necessary, at the conclusion of the case where they may be considered in the context of the entire hearing or trial.

Utilizing this analytical framework, Howland fails to satisfy the effect prong of RAP 2.3(b)(2) because the trial court's decision was merely an exercise of the discretion granted it under the statute to determine whether a full blown hearing is necessary in a given case. While the decision arguably limited the manner in which Howland can conduct the litigation regarding her conditional release, it has no effect beyond the immediate litigation.

Moreover, Howland's contention that the trial court's order limits her freedom to act because it means she may not file a petition for conditional release without presenting expert testimony is not well taken. In the context of this case, where the State has presented expert opinions on the issue of Howland's dangerousness, the court concluded that in the absence of a professional opinion to the contrary, a full blown hearing was unwarranted. In other circumstances, where, for example, the State either offers no such opinions or does so but they are unpersuasive in the absence of other evidence or testimony, the court could determine a hearing is necessary regardless of whether Howland offers such evidence herself. Thus, the trial court's order does not limit Howland's freedom to file a petition for conditional release as provided by statute.

Because Howland may not appeal the decision below as a matter of right and because she is unable to meet the strict criteria required for discretionary review, review is denied and her appeal is dismissed.

WE CONCUR:

Spearman, A.C.J.