IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33810-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES DAVID FLETCHER, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — This court granted discretionary review of Charles Fletcher's

request for appointment of counsel at public expense to pursue a motion for conditional

release. Because Mr. Fletcher was not acting within the statutory process for obtaining a

hearing, he has not shown a basis for appointing counsel. We affirm the trial court's

decision declining to consider the request.

## FACTS

On March 27, 2013, the trial court accepted Mr. Fletcher's plea of not guilty by

reason of insanity to three counts of second degree assault, one count of attempting to

elude a pursuing police vehicle, and one count of failure to remain at the scene of an

injury accident. The judgment and order of acquittal committed him to the care of

Eastern State Hospital and awarded him credit for 585 days spent in custody since the

August 19, 2011 incident against the ten year maximum commitment period for the assault charges.[1]

A periodic review, mandated by RCW 10.77.140, had been prepared on April 28, 2015.[2] However, on September 1, 2015, Mr. Fletcher, proceeding pro se, filed with the trial court a motion for conditional release[3] and for appointment of a public defender at that hearing. The Spokane County Superior Court, the Honorable Salvatore (Sam) Cozza[4] responded to Mr. Fletcher's request by letter, indicating that Mr. Fletcher should first direct his request to the Secretary of the Department of Social and Health Services (DSHS) pursuant to statute. Judge Cozza included a copy of the relevant statute for Mr. Fletcher's convenience.

Considering Judge Cozza's letter a rejection of his two motions, Mr. Fletcher, still pro se, filed a notice of appeal to this court. He also personally prepared and obtained an order of indigency that appointed counsel for his appeal. Upon receipt of the notice of appeal, the matter was referred to our commissioner to determine whether the matter was

---

[1] Second degree assault is a class B felony subject to a ten year maximum sentence. RCW 9A.20.021(b); RCW 9A.36.021(2)(a).

[2] *See* Appendix 2 to State's Memorandum Objecting to Acceptance of Review.

[3] Our record does not reflect whether any prior application for conditional release had been made.

[4] We extend our condolences to the family of Judge Cozza, who unexpectedly passed away January 14, 2017, at the untimely age of 61.

2

appealable of right or whether discretionary review should be granted. The parties filed memoranda on both topics.

Also treating Judge Cozza's letter as a denial of both motions, our commissioner agreed that the decision was not appealable under RAP 2.2. The commissioner denied discretionary review of the conditional release hearing decision in accordance with *State v. Howland*, 180 Wn. App. 196, 321 P.3d 303 (2014). However, the commissioner concluded that this court should review whether Mr. Fletcher had a statutory right to counsel to assist in preparation of a request for conditional release. The parties briefed that issue and a panel of this court considered the matter without argument.

ANALYSIS

The sole issue presented is whether the statutory right to counsel provided to those found not guilty by reason of insanity applies in these circumstances. The answer to that question requires discussion of several sections of chapter 10.77 RCW. Mr. Fletcher contends that the broad right to counsel found in the statute resolves the argument in his favor, while the State contends there was no pending "proceedings" to which the right attached.

Chapter 10.77 RCW governs all matters relating to those believed to be criminally insane, beginning with the standards for establishing insanity, and including mental evaluations and competency restoration proceedings, trial processes, posttrial treatment,

and conditional and final release. Numerous provisions of the chapter are relevant to this action.

Critical to Mr. Fletcher's argument is RCW 10.77.020, the "Rights of persons under this chapter," which states in part (and with emphasis added):

> (1) <u>At any and all stages of the proceedings pursuant to this chapter,</u> any person subject to the provisions of this chapter shall be entitled to the assistance of counsel, and if the person is indigent the court shall appoint counsel to assist him or her.
> (2) Whenever any person is subjected to an examination pursuant to any provision of this chapter, he or she may retain an expert or professional person to perform an examination in his or her behalf. In the case of a person who is indigent, the court shall upon his or her request assist the person in obtaining an expert.
> (3) Any time the defendant is being examined by court appointed experts or professional persons pursuant to the provisions of this chapter, the defendant shall be entitled to have his or her attorney present.

RCW 10.77.140 requires that a current mental examination be performed at least every six months. The court may appoint an expert for the committed person. DSHS must provide a written notice to the trial court. *Id.*

RCW 10.77.150 governs conditional release.[5] In pertinent part, again with emphasis added, it provides:

> (1) <u>Persons examined pursuant to RCW 10.77.140 may make application to the secretary for conditional release.</u> The secretary shall, after considering the reports of experts or professional persons conducting the examination pursuant to RCW 10.77.140, forward to the court of the county which ordered the person's commitment the person's application for

---

[5] RCW 10.77.200 provides a parallel process for final release.

conditional release as well as the secretary's recommendations concerning the application and any proposed terms and conditions upon which the secretary reasonably believes the person can be conditionally released.

(2) In instances in which persons examined pursuant to RCW 10.77.140 have not made application to the secretary for conditional release, but the secretary, after considering the reports of experts or professional persons conducting the examination pursuant to RCW 10.77.140, reasonably believes the person may be conditionally released, the secretary may submit a recommendation for release to the court of the county that ordered the person's commitment.

(3)(a) The court of the county which ordered the person's commitment, upon receipt of an application or recommendation for conditional release with the secretary's recommendation for conditional release terms and conditions, shall within thirty days schedule a hearing. The court may schedule a hearing on applications recommended for disapproval by the secretary.

. . . .

(3)(c) The issue to be determined at such a hearing is whether or not the person may be released conditionally without substantial danger to other persons, or substantial likelihood of committing criminal acts jeopardizing public safety or security.

(3)(d) The court, after the hearing, shall rule on the secretary's recommendations, and if it disapproves of conditional release, may do so only on the basis of substantial evidence.

. . . .

(5) Any person, whose application for conditional release has been denied, may reapply after a period of six months from the date of denial.

Appellate review is authorized by RCW 10.77.230. "Either party may seek appellate review of the judgment of any hearing held pursuant to the provisions of this chapter." RCW 10.77.230.

RCW 10.77.150(3)(a) clearly mandates a court hearing when the secretary recommends conditional release, but leaves to the discretion of the trial judge whether to hold a hearing when release is not recommended by the secretary. *State v. Platt*, 143

5

Wn.2d 242, 248, 19 P.3d 412 (2001). The secretary's recommendation also is dispositive on the proper allocation of the burden of proof. In those instances where the secretary recommends conditional release, the prosecutor bears the burden of establishing that conditional release is not appropriate. *Id.* In contrast, when the secretary does not recommend conditional release, the person seeking conditional release bears the burden of proving an entitlement to the conditional release. *Id.* at 251.

The critical importance of the secretary's recommendation to the statutory scheme is dispositive of Mr. Fletcher's argument. As noted previously, he bases his entire contention on RCW 10.77.020 granting an attorney at "any and all stages of the proceedings pursuant to this chapter." RCW 10.77.020(1). However, he cannot avail himself of the statutory process when he is not complying with that process. The request for counsel is not itself a stage of any proceeding under chapter 10.77 RCW. Requesting the court to conduct a conditional release hearing without prior input from DSHS is not a proceeding under the chapter. It is the request of the secretary, whether at the behest of the defendant or of DSHS, that triggers a conditional release hearing and establishes the burden of proof at that hearing.

Instead of acting under the chapter, Mr. Fletcher was making his own proceeding by asking the court to conduct a hearing outside of the statutory framework. There was no basis for the trial court to apply the statutory right to counsel to an extra-statutory proceeding. Indeed, by going outside the statutory proceedings, the request interrupted

6

the statutory process. At the time he wrote the court, Mr. Fletcher was but four months removed from the prior periodic review and two months ahead of the next review. There was no report suggesting that conditional release was appropriate. Mr. Fletcher was without any basis for arguing for conditional release since he had no expert opinion to support the request. *Howland*, 180 Wn. App. at 205 (trial court did not abuse discretion in declining to schedule hearing where no expert or evidence supported the request).

Here, the trial court attempted, albeit unsuccessfully, to gently nudge Mr. Fletcher into following the proper course under the statute so that the court could consider the merits of the request.[6] Once Mr. Fletcher had directed the request to the secretary, DSHS was under a duty to report the request in conjunction with the next periodic review along with any recommendation the department had on the subject. If DSHS supported the request, then the prosecutor bore the burden of proving it was unjustified. If DSHS did not support the request, then Mr. Fletcher bore that burden. If the court had followed Mr. Fletcher's lead and stepped outside the statute, the parties would be in a no-man's land where the burden of proof would be squarely up in the air. There is no statutorily

---

[6] Our dissenting colleague redefines the question at issue contrary to the facts of this case. Mr. Fletcher has never suggested that he needs an attorney to ask DSHS to hold a conditional release hearing. As noted earlier, he asked the trial court to schedule such a hearing and to appoint counsel to assist at that hearing. If Mr. Fletcher had asked DSHS to schedule a hearing and requested counsel to assist in that endeavor, then we would be facing the situation described in the dissent. Instead, we simply have a request to the court, bypassing DSHS, for a hearing not contemplated by the statute. By definition, there is no statutory proceeding to which his request for counsel can apply.

7

No. 33810-0-III
*State v. Fletcher*

recognized process for doing what Mr. Fletcher sought to do, and accordingly, no basis for the trial court to proceed under chapter 10.77 RCW.

The trial court correctly denied the application. There is no basis to apply to the court without first requesting a conditional release from DSHS. As Mr. Fletcher did not invoke the statutory process, there was no authority for appointing counsel under chapter 10.77 RCW.

Affirmed.

_____
Korsmo, J.

I CONCUR:

_____
Lawrence-Berrey, J.

8

No. 33810-0-III

FEARING, C.J. (dissenting) — Charles Fletcher, confined at Eastern State Hospital as the result of insanity at the time of a crime, appeals the superior court's refusal to appoint him counsel to assist him in obtaining conditional release from confinement and the superior court's refusal to grant him a hearing on his request for release. This court granted discretionary review on the question of whether a superior court should appoint counsel for one committed to an institution by reason of pleading not guilty to a crime by reason of insanity, when the confinee seeks to apply to the secretary of the Department of Social and Health Services (DSHS) for conditional release.

The majority ignores the question presented to the court for review and thereby skirts the merits of Charles Fletcher's contention. Since the State did not ask to modify our court commissioner's ruling on discretionary review, I would address the question presented to this panel and hold that the superior court should appoint legal counsel to Fletcher for purposes of applying for release to a less restrictive alternative. I conclude that a person earlier adjudged mentally insane is entitled to appointment of counsel to assist in applying for conditional release from confinement, since the application constitutes a necessary and integral stage of the commitment proceeding and becomes a pleading in the proceeding for purposes of a hearing for conditional release. Therefore, I dissent.

On August 19, 2011, Charles Fletcher committed three crimes: assault in the second degree, attempt to elude a police vehicle, and failure to remain at the scene of an accident with an injured person. A sanity commission determined Fletcher to be insane at the time of the crimes. On March 28, 2013, the trial court accepted Fletcher's plea of not guilty by reason of insanity and entered a judgment and order of acquittal by reason of insanity. Nonetheless, the trial court found Fletcher a substantial danger to others and likely to commit further criminal acts. The trial court ordered Fletcher into the custody of the secretary of DSHS and confined to Eastern State Hospital for medical and psychiatric treatment until the availability of an appropriate lesser restrictive alternative.

In September 2015, Charles Fletcher sent a letter to the Spokane County Superior Court, by which letter he sought conditional release from Eastern State Hospital and appointment of counsel, without cost to him, to represent him at any hearing addressing conditional release. The letter declared:

> I am respectfully asking the Court for a conditional release in my case. Therefore, I am enclosing a motion to be filed with the Court requesting a hearing.
> In addition, I am asking the Court to appoint a public defender to represent me at my hearing. A public defender was previously appointed to represent me in 2011. I am enclosing a Certificate of Indigency with my motion.

Clerk's Papers (CP) at 10. Fletcher enclosed, in his letter, a motion for conditional release and for appointment of a public defender, which motion stated:

2

Comes now the Defendant, CHARLES DAVID FLETCHER, and respectfully moves the Court for a hearing in Superior Court regarding a Conditional Release. This request is based upon the records and files herein as well as a letter from the undersigned.

Finally, I am respectfully requesting that a public defender be appointed by the Court to represent me in this matter. I cannot afford a private attorney as I am currently detained at Eastern State Hospital and have no income.

CP at 11.

In response to Charles Fletcher's letter, the superior court sent a letter to Fletcher and attached a copy of RCW 10.77.150. The letter declared:

I have received your letter [of] September 4, 2015 in which you request a hearing to consider Conditional Release. I have attached a copy of the statute which indicates that the first step in this process is for the patient to apply to the Secretary of DSHS (I presume this can be done at Eastern State Hospital) for a Conditional Release.

Once that has happened, the court can consider whether a hearing is necessary and can consider appointment of a Public Defender.

CP at 6.

Charles Fletcher filed a notice of appeal. In the notice, he sought review of the superior court's denial of his petition for conditional release and review of the superior court's denial of his request for appointment of counsel. Our court commissioner determined that Fletcher could not appeal as a matter of right either the denial of his petition for conditional release or the superior court's failure to address his request for counsel. Nevertheless, our court commissioner granted discretionary review of the superior court's denial of counsel. The commissioner wrote:

3

Specifically, in Mr. Fletcher's motion to the superior court, he asked, not only for a hearing, but also for a public defender, appointed by the court, to represent him. He asserted that because he was currently detained at Eastern State Hospital, he had no income. The court did not rule on his request for counsel. But under RCW 10.77.020(1), a person subject to the provisions of RCW 10.77 is entitled to the assistance of counsel. Without counsel here, Mr. Fletcher had no one to assist him to apply to the Department for conditional release, as the superior court directed him to do. Therefore, discretionary review of this matter is granted pursuant to RAP 2.3(b)(3).

Commissioner' ruling, *State v. Fletcher*, No. 33810-0-III at 2-3 (Wash. Ct. App. Mar. 15, 2016) (footnote omitted). The court commissioner's ruling necessarily implied that a panel of this court would address the issue of whether the superior court should have appointed legal counsel to assist Charles Fletcher in applying to the department for a conditional release. Neither party sought modification of the commissioner's ruling.

Charles Fletcher assigns error to two trial court rulings: (1) the refusal to appoint counsel, and (2) the refusal of a hearing on his motion for conditional release. An evaluation of the first assignment of error begs a review of the criminally insane procedure statutes found in chapter 10.77 RCW.

Upon the superior court's commitment of one adjudged mentally insane to the secretary of DSHS, the confinee may not be released except by court order after a hearing. RCW 10.77.120(1). RCW 10.77.120 assumes continued hearings concerning the confinement and treatment of the committed individual. Under RCW 10.77.140, the

4

secretary shall direct qualified professionals to examine the committed person every six

months for purposes of assessing possible release. The secretary, in turn, must forward

the professional report to the court of commitment. RCW 10.77.140.

The confined person may seek conditional release from the secretary. RCW

10.77.150 prescribes:

> (1) Persons examined pursuant to RCW 10.77.140 may make
> application to the secretary for conditional release. The secretary shall,
> after considering the reports of experts or professional persons conducting
> the examination pursuant to RCW 10.77.140, forward to the court of the
> county which ordered the person's commitment the person's application for
> conditional release as well as the secretary's recommendations concerning
> the application and any proposed terms and conditions upon which the
> secretary reasonably believes the person can be conditionally released. . . .
>
> . . . .
> (3)(a) The court of the county which ordered the person's
> commitment, upon receipt of an application or recommendation for
> conditional release with the secretary's recommendation for conditional
> release terms and conditions, shall within thirty days schedule a hearing.
> The court may schedule a hearing on applications recommended for
> disapproval by the secretary.
>
> . . . .
> (c) The issue to be determined at such a hearing is whether or not the
> person may be released conditionally without substantial danger to other
> persons, or substantial likelihood of committing criminal acts jeopardizing
> public safety or security.

Note that, under RCW 10.77.150(1), the secretary eventually forwards the application for

release to the committing court.

RCW 10.77.020 governs this court's review. The statute declares in relevant part:

> (1) *At any and all stages of the proceedings* pursuant to this chapter,
> any person subject to the provisions of this chapter shall be entitled to the

5

assistance of counsel, and if the person is indigent the court shall appoint counsel to assist him or her. . . .

. . . .

(3) Any time the defendant is being examined by court appointed experts or professional persons pursuant to the provisions of this chapter, the defendant shall be entitled to have his or her attorney present.

(Emphasis added.)

Charles Fletcher has yet to apply to the secretary of DSHS for conditional release. Under RCW 10.77.150, the application is a condition precedent to the filing of a motion for conditional release. Despite failing to send an application to the secretary, Fletcher seeks appointment of counsel. Fletcher did not explicitly ask the trial court for appointment of counsel for purposes of preparing an application. Nevertheless, since the application is the next step Fletcher must follow, we should consider his request to include a request for counsel's assistance in preparing the application.

Our court commissioner accepted review for purposes of determining the right to counsel in completing the application. Therefore, this appeal raises the question of whether the preparation and sending of an application to the secretary of DSHS constitutes a "stage of the proceedings" under RCW 10.77.020(1), such that the trial court should appoint counsel before the confined individual sends the application and so that counsel could aid in preparing the application. Fletcher does not present the tautological argument that the filing of the motion for appointment of counsel is a stage in the proceedings that, by itself, warrants appointment of counsel.

6

The majority correctly notes that Charles Fletcher never prepared an application for conditional release for delivery to the DSHS secretary. The majority then mistakenly reviews the case under the assumption that Fletcher will not prepare an application. In essence, the majority refuses to review whether the superior court should appoint legal counsel to assist Fletcher in applying for conditional release because Fletcher has not applied for conditional release. Such reasoning belongs in war novels, not in legal opinions.

The majority claims this dissent redefines the issue presented by the facts, but the dissent instead answers the question framed by the court commissioner when granting review. Our court commissioner recognized the circular reasoning the majority now employs and granted discretionary review on the question of whether the superior court should appoint counsel to assist Charles Fletcher in his conditional release application. RAP 17.7 reads, concerning commissioner rulings:

> An aggrieved person may object to a ruling of a commissioner or clerk, including transfer of the case to the Court of Appeals under rule 17.2(c), only by a motion to modify the ruling directed to the judges of the court served by the commissioner or clerk. The motion to modify the ruling must be served on all persons entitled to notice of the original motion and filed in the appellate court not later than 30 days after the ruling is filed.

RAP 17.7 suggests that a commissioner's ruling, including a ruling granting discretionary review, is final unless challenged within thirty days. Neither the State or Charles Fletcher challenged our commissioner's grant of discretionary review. Therefore, we should

7

address the question on which our commissioner granted review. The majority writes its opinion as if it addresses the question on review, but it refuses to assume, as the grant of review assumes, that Fletcher is in the process of completing an application and thus following the statutory procedure.

The majority's insistence on Fletcher applying for release before the superior court may address his request for counsel actually disassembles the majority's conclusion. The majority's ruling emphasizes the critical nature of the application as part of the process of a release from confinement. By this emphasis, the majority illustrates the importance of appointing counsel for assistance in completing the application. The majority also shows that the application is a stage in the proceedings.

This court knows little about the process of applying to the secretary of DSHS for conditional release from confinement after being adjudged criminally insane. WAC 388-875-0090(1) reads: "Any person committed to the secretary as criminally insane may make application to the secretary for conditional release." The regulation does not prescribe the method of applying or advise that the confinee must complete a particular application form. Since the secretary will review any application toward the end of determining conditional release and the secretary will eventually file the application with the court, we assume the confinee will benefit by counsel's assistance. The veracity and persuasiveness of the application could impact the secretary's decision as to whether to recommend conditional release.

8

The State argues that Charles Fletcher's request sent to the trial court for appointment of counsel and for conditional release is not "a proceeding" under the meaning of RCW 10.77.020(1), but merely the filing of a pro se motion. Therefore, according to the State, the statute does not compel appointment of counsel. Presumably the State also contends that the application to the secretary of DSHS for release is not a "proceeding" within the meaning of RCW 10.77.020(1). The State understandably worries about unlimited access to counsel for those adjudged criminally insane because of the cost to the State of this unrestricted use of counsel.

The State forwards two discrete arguments arising from the language of RCW 10.77.020(1): (1) "stages" should be limited to critical stages, and (2) "proceedings" should be limited to legal proceedings. By the former argument, the State imports the concept of "critical stages" from constitutional protections under the criminal law. "The Sixth Amendment right to counsel attaches at a critical stage of a criminal proceeding which occurs after the formal initiation of criminal proceedings involving an actual confrontation between a representative of the state and the defendant." 12 ROYCE A. FERGUSON, JR., WASHINGTON PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 3206, at 800 (3d ed. 2004). The State provides no authority for employing this Sixth Amendment standard, and, given RCW 10.77.020(1)'s language, I reject this argument. The legislature could have, but chose not to, use the adjective "critical." Anyway, since

9

an application for conditional release is a condition precedent to release, the application can be considered a critical stage.

RCW 10.77.020(1) also does not employ the modifier "legal" to the word "proceeding." The absence of the term supports my conclusion. The omission of the word "legal" suggests the legislature desired appointment of counsel for "stages" other than filing of court pleadings or appearances at court hearings. Nevertheless, as already noted, the application eventually becomes a pleading in court. Therefore, the application is part of the legal proceeding.

The State also asks that this court determine that filing a motion in order to begin a proceeding is not a stage in a "legal proceeding." The State continually relies on the pro se nature of Charles Fletcher's motion to argue that Fletcher had no right to appointed counsel. I disagree. Denial of counsel on the basis that the request is made by someone without counsel is nonsensical, if not Kafkaesque. The State provides no legal authority for the argument that commencement of the legal process is not part of the legal proceeding.

To repeat, RCW 10.77.020(1) proclaims, in part: "*At any and all stages of the proceedings* pursuant to this chapter, any person subject to the provisions of this chapter shall be entitled to the assistance of counsel. . . ." Chapter 10.77 RCW nowhere defines the term "stages of the proceedings" or the term's constituent words "stages" and "proceedings."

10

In another context when construing the term "agency proceeding," this court discussed definitions of the word "proceeding" from *Black's Law Dictionary* and a general dictionary. *Muckleshoot Indian Tribe v. Department of Ecology*, 112 Wn. App. 712, 727-28, 50 P.3d 668 (2002). *Webster's Third New International Dictionary* defined "proceeding" simply as "a particular way of doing or accomplishing something" and "a particular action or course of action." *Muckleshoot Indian Tribe v. Department of Ecology*, 112 Wn. App. at 728 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1807 (1990)). *Black's Law Dictionary* 1398 (10th ed. 2014) now defines "proceeding" as:

> **proceeding 1.** The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment. **2.** Any procedural means for seeking redress from a tribunal or agency. **3.** An act or step that is part of a larger action. **4.** The business conducted by a court or other official body; a hearing. . . .
>
>  . . . .
>
> "'Proceeding' is a word much used to express the business done in courts. A proceeding in court is an act done by the authority or direction of the court, express or implied. It is more comprehensive than the word 'action,' but it may include in its general sense all the steps taken or measures adopted in the prosecution or defense of an action, including the pleadings and judgment. As applied to actions, the term 'proceeding' may include—(1) the institution of the action; (2) the appearance of the defendant; (3) all ancillary or provisional steps, such as arrest, attachment of property, garnishment, injunction, writ of *ne exeat*; (4) the pleadings; (5) the taking of testimony before trial; (6) all motions made in the action; (7) the trial; (8) the judgment; (9) the execution; (10) proceedings supplementary to execution, in code practice; (11) the taking of the appeal or writ of error; (12) the *remittitur*, or sending back of the record to the lower court from the appellate or reviewing court; (13) the enforcement of the judgment, or a new trial, as may be directed by the court of last resort."

Edwin E. Bryant, *The Law of Pleading Under the Codes of Civil Procedure* 3-4 (2d ed. 1899).

In *Muckleshoot Indian Tribe*, this court adopted the more general definition found in the lay dictionary in part because the legislature did not define "proceeding" in the state Administrative Procedure Act, chapter 34.05 RCW.

I emphasize the ongoing nature of the proceedings against one adjudged mentally insane. The court that entertained the plea of not guilty by reason of insanity continues to oversee the commitment to DSHS. RCW 10.77.150(1). The court of commitment periodically receives reports from the DSHS secretary of the mental health condition of the confinee. RCW 10.77.140. Thus, when a confinee applies for release, a "proceeding" is already pending. Charles Fletcher's request for counsel did not precede or initiate a proceeding.

I further note that the application for release to the DSHS secretary is critical to the process of conditional release. The secretary, after directing an examination of the confinee, forwards the application, along with the secretary's recommendation, to the court. RCW 10.77.150(1). Thus, the application becomes a pleading in the mental health commitment proceeding. The conditional release requires court approval. Thus, the application becomes a necessary and integral stage in the mental health commitment proceeding.

Subsection (3) of RCW 10.77.020 expressly declares that the court should appoint

12

counsel to be present when the State examines the confinee for purposes of release. One might argue that, since the legislature expressed the desire for counsel's assistance during the examination, the legislature's failure to expressly require appointment of counsel for the preparation of the application means the legislature lacked the desire for use of counsel in the latter setting. I disagree. The legislature likely wanted to insure, in the context of criminal insanity commitments, that courts would not fail to allow counsel's presence at examinations. The statute does not otherwise limit the stages to which the right to counsel attaches.

*In re Detention of Kistenmacher*, 163 Wn.2d 166, 178 P.3d 949 (2008), supports my conclusion. In *Kistenmacher*, our state high court held that an alleged sexually violent person held a statutory right to counsel at a forensic examination under chapter 71.09 RCW. RCW 71.09.050(1) then read:

> At all stages of the proceedings under this chapter, any person subject to this chapter shall be entitled to the assistance of counsel.

Note that the statute in our appeal, RCW 10.77.020(1), reads more emphatic because of the wording: "*any and* all stages." (Emphasis added.) The *Kistenmacher* court noted that use of the phrase "all stages of the proceedings" seemed broader than employment of the sole word "proceedings." The court then analyzed the statutory scheme to determine specific events in the sexually violent person commitment process, one of which was a statutorily mandated examination. Although the examination did not encompass an event

13

inside the courtroom, the examination was a stage in the proceedings. For purposes of the present appeal, the legislature also statutorily mandated the criminally insane confinee's application as part of the release proceeding.

In response to the State's legitimate concern about an unlimited right to counsel during commitment, I note that the statute allows appointment only for "stages" in a proceeding. I only conclude that the preparation of an application for conditional release is a "stage." On denial of an application by the court, the applicant may not reapply for another six months. WAC 388-875-0090(4). I make no statement as to what else may constitute a "stage in the proceedings." I would not allow permanent appointment of counsel for the criminally insane while in commitment.

Charles Fletcher also asks us to hold that the trial court denied him due process when refusing to order the secretary of DSHS to develop a recommendation regarding release and to conduct a hearing on Fletcher's request for conditional release. Our court commissioner ruled that Fletcher could not appeal this assigned error. Our court commissioner granted discretionary review only with regard to the denial of appointment of counsel. Fletcher never moved to modify the court commissioner's ruling.

I respectfully dissent.

_Fearing, J._

Fearing, C.J.

14