Korsmo, J.
¶1 This court granted discretionary review of Charles Fletcher’s request for appointment of counsel at public expense to pursue a motion for conditional release. Because Mr. Fletcher was not acting within the statutory process for obtaining a hearing, he has not shown a basis for appointing counsel. We affirm the trial court’s decision declining to consider the request.
FACTS
¶2 On March 27, 2013, the trial court accepted Mr. Fletcher’s plea of not guilty by reason of insanity to three counts of second degree assault, one count of attempting to elude a pursuing police vehicle, and one count of failure to remain at the scene of an injury accident. The judgment and order of acquittal committed him to the care of Eastern State Hospital and awarded him credit for 585 days spent in custody since the August 19, 2011 incident against the ten year maximum commitment period for the assault charges.[1]
*159 ¶3 A periodic review, mandated by RCW 10.77.140, had been prepared on April 28,2015.[2] However, on September 1, 2015, Mr. Fletcher, proceeding pro se, filed with the trial court a motion for conditional release[3] and for appointment of a public defender at that hearing. The Spokane County Superior Court, the Honorable Salvatore (Sam) Cozza[4] responded to Mr. Fletcher’s request by letter, indicating that Mr. Fletcher should first direct his request to the secretary of the Department of Social and Health Services (DSHS) pursuant to statute. Judge Cozza included a copy of the relevant statute for Mr. Fletcher’s convenience.
¶4 Considering Judge Cozza’s letter a rejection of his two motions, Mr. Fletcher, still pro se, filed a notice of appeal to this court. He also personally prepared and obtained an order of indigency that appointed counsel for his appeal. Upon receipt of the notice of appeal, the matter was referred to our commissioner to determine whether the matter was appealable of right or whether discretionary review should be granted. The parties filed memoranda on both topics.
¶5 Also treating Judge Cozza’s letter as a denial of both motions, our commissioner agreed that the decision was not appealable under RAP 2.2. The commissioner denied discretionary review of the conditional release hearing decision in accordance with State v. Howland, 180 Wn. App. 196, 321 P.3d 303 (2014). However, the commissioner concluded that this court should review whether Mr. Fletcher had a statutory right to counsel to assist in preparation of a request for conditional release. The parties briefed that issue and a panel of this court considered the matter without argument.
*160 ANALYSIS
¶6 The sole issue presented is whether the statutory right to counsel provided to those found not guilty by reason of insanity applies in these circumstances. The answer to that question requires discussion of several sections of chapter 10.77 RCW. Mr. Fletcher contends that the broad right to counsel found in the statute resolves the argument in his favor, while the State contends there were no pending “proceedings” to which the right attached.
¶7 Chapter 10.77 RCW governs all matters relating to those believed to be criminally insane, beginning with the standards for establishing insanity, and including mental evaluations and competency restoration proceedings, trial processes, posttrial treatment, and conditional and final release. Numerous provisions of the chapter are relevant to this action.
¶8 Critical to Mr. Fletcher’s argument is RCW 10.77.020, the “Rights of person under this chapter,” which states in part (and with emphasis added):
(1) At any and all stages of the proceedings pursuant to this chapter, any person subject to the provisions of this chapter shall be entitled to the assistance of counsel, and if the person is indigent the court shall appoint counsel to assist him or her. . . .

(2) Whenever any person is subjected to an examination pursuant to any provision of this chapter, he or she may retain an expert or professional person to perform an examination in his or her behalf. In the case of a person who is indigent, the court shall upon his or her request assist the person in obtaining an expert ....
(3) Any time the defendant is being examined by court appointed experts or professional persons pursuant to the provisions of this chapter, the defendant shall be entitled to have his or her attorney present.
*161 RCW 10.77.140 requires that a current mental examination be performed at least every six months. The court may appoint an expert for the committed person. DSHS must provide a written notice to the trial court. RCW 10.77.140.
¶9 RCW 10.77.150 governs conditional release.[5] In pertinent part, again with emphasis added, it provides:
(1) Persons examined pursuant to RCW 10.77.140 may make application to the secretary for conditional release. The secretary shall, after considering the reports of experts or professional persons conducting the examination pursuant to RCW 10.77.140, forward to the court of the county which ordered the person’s commitment the person’s application for conditional release as well as the secretary’s recommendations concerning the application and any proposed terms and conditions upon which the secretary reasonably believes the person can be conditionally released. . . .
(2) In instances in which persons examined pursuant to RCW 10.77.140 have not made application to the secretary for conditional release, but the secretary, after considering the reports of experts or professional persons conducting the examination pursuant to RCW 10.77.140, reasonably believes the person may be conditionally released, the secretary may submit a recommendation for release to the court of the county that ordered the person’s commitment. . . .
(3)(a) The court of the county which ordered the person’s commitment, upon receipt of an application or recommendation for conditional release with the secretary’s recommendation for conditional release terms and conditions, shall within thirty days schedule a hearing. The court may schedule a hearing on applications recommended for disapproval by the secretary.

(c) The issue to be determined at such a hearing is whether or not the person may be released conditionally without substantial danger to other persons, or substantial likelihood of committing criminal acts jeopardizing public safety or security.
*162 (d) The court, after the hearing, shall rule on the secretary’s recommendations, and if it disapproves of conditional release, may do so only on the basis of substantial evidence. . . .

(5) Any person, whose application for conditional release has been denied, may reapply after a period, of six months from the date of denial.
Appellate review is authorized by RCW 10.77.230. “Either party may seek appellate review of the judgment of any hearing held pursuant to the provisions of this chapter.” RCW 10.77.230.
¶10 RCW 10.77.150(3)(a) clearly mandates a court hearing when the secretary recommends conditional release, but leaves to the discretion of the trial judge whether to hold a hearing when release is not recommended by the secretary. State v. Platt, 143 Wn.2d 242, 248, 19 P.3d 412 (2001). The secretary’s recommendation also is dispositive on the proper allocation of the burden of proof. In those instances where the secretary recommends conditional release, the prosecutor bears the burden of establishing that conditional release is not appropriate. Id. In contrast, when the secretary does not recommend conditional release, the person seeking conditional release bears the burden of proving an entitlement to the conditional release. Id. at 251.
 ¶ 11 The critical importance of the secretary’s recommendation to the statutory scheme is dispositive of Mr. Fletcher’s argument. As noted previously, he bases his entire contention on RCW 10.77.020 granting an attorney at “any and all stages of the proceedings pursuant to this chapter.” RCW 10.77.020(1). However, he cannot avail himself of the statutory process when he is not complying with that process. The request for counsel is not itself a stage of any proceeding under chapter 10.77 RCW. Requesting the court to conduct a conditional release hearing without prior input from DSHS is not a proceeding under the chapter. It is the request of the secretary, whether at the behest of the *163 defendant or of DSHS, that triggers a conditional release hearing and establishes the burden of proof at that hearing.
¶12 Instead of acting under the chapter, Mr. Fletcher was making his own proceeding by asking the court to conduct a hearing outside of the statutory framework. There was no basis for the trial court to apply the statutory right to counsel to an extrastatutory proceeding. Indeed, by going outside the statutory proceedings, the request interrupted the statutory process. At the time he wrote the court, Mr. Fletcher was but four months removed from the prior periodic review and two months ahead of the next review. There was no report suggesting that conditional release was appropriate. Mr. Fletcher was without any basis for arguing for conditional release since he had no expert opinion to support the request. Howland, 180 Wn. App. at 205 (trial court did not abuse discretion in declining to schedule hearing where no expert or evidence supported the request).
¶13 Here, the trial court attempted, albeit unsuccessfully, to gently nudge Mr. Fletcher into following the proper course under the statute so that the court could consider the merits of the request.[6] Once Mr. Fletcher had directed the request to the secretary, DSHS was under a duty to report the request in conjunction with the next periodic review along with any recommendation the department had on the subject. If DSHS supported the request, then the prosecutor bore the burden of proving it was unjustified. If DSHS did not support the request, then Mr. Fletcher bore that burden. If the court had followed Mr. Fletcher’s lead and stepped outside the statute, the parties would be in a *164 no-man’s-land where the burden of proof would be squarely up in the air. There is no statutorily recognized process for doing what Mr. Fletcher sought to do and, accordingly, no basis for the trial court to proceed under chapter 10.77 RCW.
¶14 The trial court correctly denied the application. There is no basis to apply to the court without first requesting a conditional release from DSHS. As Mr. Fletcher did not invoke the statutory process, there was no authority for appointing counsel under chapter 10.77 RCW.
¶15 Affirmed.
Lawrence-Berrey, J., concurs.

 Second degree assault is a class B felony subject to a ten year maximum sentence. RCW 9A.20.021(l)(b); RCW 9A.36.021(2)(a).

 See State’s Mem. Objecting to Acceptance of Review, App. 2.

 Our record does not reflect whether any prior application for conditional release had been made.

 We extend our condolences to the family of Judge Cozza, who unexpectedly passed away January 14, 2017, at the untimely age of 61.

 RCW 10.77.200 provides a parallel process for final release.

 Our dissenting colleague redefines the question at issue contrary to the facts of this case. Mr. Fletcher has never suggested that he needs an attorney to ask DSHS to hold a conditional release hearing. As noted earlier, he asked the trial court to schedule such a hearing and to appoint counsel to assist at that hearing. If Mr. Fletcher had asked DSHS to schedule a hearing and requested counsel to assist in that endeavor, then we would be facing the situation described in the dissent. Instead, we simply have a request to the court, bypassing DSHS, for a hearing not contemplated by the statute. By definition, there is no statutory proceeding to which his request for counsel can apply.