# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

ROBERT WAYNE MARRIOTT,

Appellant.

No. 79140-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 16, 2020

LEACH, J. — Robert Marriott, currently involuntarily confined at Western State Hospital, seeks review of a trial court order denying his petition for conditional release. Marriott cannot appeal the order as a matter of right under RAP 2.2 and fails to satisfy the criteria for discretionary review under RAP 2.3. So we dismiss the appeal.

## FACTS

In 1976, Robert Marriott set a fire in his apartment. A court found him not guilty by reason of insanity of the crime of arson in the first degree. He suffers from chronic paranoid schizophrenia and has a history of polysubstance abuse. During the nearly 50 years since Marriott's first adult admission to Western State Hospital (WSH) at age 19, WSH physicians have readmitted him for inpatient psychiatric treatment on 14 occasions. In most instances, WSH readmitted Marriott after he stopped taking his antipsychotic medication and decompensated. During a few of these episodes, Marriott either set fires or

threatened to do so. But Marriott also experienced a substantial period of stability. He resided in the community for approximately 20 years on conditional release status in various group home settings.

In October 2016, Marriott was living at a Downtown Emergency Service Center facility with 24-hour staffing. An outpatient mental health treatment team oversaw his care. Marriott stopped taking his medication. Due to an oversight, facility staff did not properly report the missed medication or promptly notify Marriott's social worker. Ten days later, a Community Corrections Officer (CCO) and a mental health supervisor conducted a home visit. They found Marriott in a decompensated and psychotic condition. He had a can of lighter fluid and a stack of wooden matches in his room. Marriott could not explain why he needed those items since he always used only disposable lighters. Marriott also appeared to be intoxicated and admitted he recently consumed alcohol.

The CCO took Marriott into custody and WSH readmitted him. The court entered an agreed order revoking Marriott's conditional release. Since his most recent readmission, Marriott has resided on a locked ward at WSH.

On March 26, 2018, Marriott filed a motion for conditional release. Among other records, he relied on psychologist Dr. Brendon Scholtz's 2018 evaluation. Dr. Scholtz concluded that Marriott's symptoms did not warrant continued inpatient treatment at WSH. Dr. Scholtz opined that Marriott could be discharged to a facility in the community with a detailed safety plan in place to "reduce the risk to the public."

2

The State opposed the conditional release. The State primarily relied on the 2017 evaluation of psychologist Dr. Stephen Wagner, of WSH's Forensic Services, and letters from Marriott's treatment team and the Public Safety Review Panel. At an October 2018 evidentiary hearing on Marriott's petition, the court heard the testimony of Drs. Scholtz and Wagner, and Dr. Irina King, the chair of WSH's Risk Review Board. The court also considered several exhibits. The court denied Marriott's motion. Marriott appeals.

## ANALYSIS

When a court finds a defendant not guilty of a crime by reason of insanity and finds he is a substantial danger to other persons, or presents a substantial likelihood of committing criminal acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions, Chapter 10.77 RCW requires that the court order his or her hospitalization in a state facility or less restrictive treatment setting.[1] A person committed or placed on conditional release for this reason "shall have a current examination of his or her mental condition made by one or more experts or professional persons at least once every six months."[2] Based on a periodic examination, an acquittee may apply for conditional release or the Secretary of the Department of Social and Health Services may recommend conditional release.[3] "Conditional release is a mechanism whereby mentally ill persons of varying degrees of

---

[1] RCW 10.77.110(1).
[2] RCW 10.77.140.
[3] RCW 10.77.150(1), (2).

3

dangerousness can be conditionally reintroduced into society where it is determined the conditions will reasonably mitigate the dangerousness."[4]

RCW 10.77.150(3)(c) requires that a court hearing an application for conditional release determine "whether or not the person may be released conditionally without substantial danger to other persons, or substantial likelihood of committing criminal acts jeopardizing public safety or security."[5] When, as here, a person petitions for conditional release without the Secretary's approval, he bears the burden of production and persuasion to support conditional release by a preponderance of the evidence.[6] If the court denies the application for conditional release, the acquittee may reapply after six months.[7]

The State raises as a threshold issue the reviewability of the court's order denying Marriott's petition for conditional release. RAP 2.2 lists superior court orders that a party may appeal as a matter of right. Omission of a particular ruling or decision indicates that a party may obtain review only at the discretion of the appellate court as provided in RAP 2.3.[8]

As the State correctly notes, in State v. Howland, we held that a trial court's denial of a petition for conditional release is not appealable under RAP 2.2.[9] While RAP 2.2 lists orders of commitment, it does not mention orders

---

[4] State v. Reid, 144 Wn.2d 621, 630, 30 P.3d 465 (2001).

[5] RCW 10.77.150(3)(c).

[6] State v. Platt, 143 Wn.2d 242, 251, 19 P.3d 412 (2001); RCW 10.77.200(3), (5).

[7] RCW 10.77.150(5).

[8] In re Dependency of Chubb, 112 Wn.2d 719, 721, 773 P.2d 851 (1989).

[9] 180 Wn. App. 196, 202-03, 321 P.3d 303 (2014); see also In re Det. of Petersen, 138 Wn.2d 70, 88, 980 P.2d 1204 (1999) (order on statutorily-required probable cause hearing, preceding unconditional release hearing, is not a final order appealable as a matter of right); State v. Coleman, 6 Wn. App. 2d 507, 512, 431 P.3d 514 (2018) (order on a motion for final release under RCW 10.77.200 is appealable as a matter of right, partly because final release has "drastically different" potential consequences from conditional release).

4

denying the conditional release of a person who is already committed.[10] We determined in Howland that the denial of a petition for conditional release is not a "final order" under RAP 2.2(a)(13) because (1) the superior court retains continuing jurisdiction over a committed person until that person is unconditionally released; (2) the resolution of such a petition does not settle all issues, and (3) mental health is not static and the statute allows for reapplication after six months.[11] Howland applies here and Marriott does not contend otherwise. So, to obtain this court's review of the order denying his motion for conditional release, Marriot must meet the criteria for discretionary review under RAP 2.3.

This court will grant discretionary review only in four narrow circumstances set forth in RAP 2.3(b):

    (1)    The superior court has committed an obvious error which would render further proceedings useless;

    (2)    The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act;

    (3)    The superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court; or

    (4)    The superior court has certified, or all the parties to the litigation have stipulated, that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation.

---

[10] Howland, 180 Wn. App. at 201.
[11] Howland, 180 Wn. App. at 202-03.

5

Marriott claims he has met the standard for discretionary review by demonstrating "obvious error which would render further proceedings useless" under RAP 2.3(b)(1). He contends the court committed obvious error by focusing on whether he continues to suffer from mental illness, and not on the standard for conditional release under RCW 10.77.150(3)(c), and because the record includes no evidence that he presents a "substantial" danger. He further contends that the alleged error renders further proceedings useless because (1) his mental health condition is unlikely to change and (2) if he bears the burden to identify an appropriate placement in the community, he will never be in a position to do so.

Marriott has not met the demanding standard for discretionary review. The findings and conclusions show that the court properly considered the statutory criteria under RCW 10.77.150(3)(c) and determined that Marriott could not be released with conditions that would eliminate the risk of substantial danger to others. The court concluded:

2.  The defendant requesting a conditional release pursuant to RCW 10.77.150, bears the burden of proof by a preponderance of the evidence. Mr. Marriott has failed to meet that burden. The Court finds that the conditions proposed by the defendant do not sufficiently mitigate the risk.

3.  As a result of his mental disease or defect, Mr. Marriott remains a substantial danger to other persons, or substantial likelihood of committing acts jeopardizing public safety or security unless kept under further control by the court or other persons or institutions.[12]

Several additional unchallenged findings support these conclusions. As the court found, Marriott did not dispute that he would be "at risk for decompensation and substantial danger" if he stopped taking his medication.[13]

---

[12] CP at 330.
[13] CP at 329.

6

Dr. King testified that Marriott is "dangerous when mentally unstable" and historically, when he is psychotic he tends to engage in dangerous behavior, including fire-setting.[14]

The court also found that, according to Dr. Wagner, Marriott "would be at an increased risk for decompensation and danger were he to be in a less restrictive setting than WSH."[15] Dr. King testified that Marriott was presently "mentally unstable" and he therefore required the 24-hour supervision WSH provided to "ensure that his current risk factors are mitigated" and he does not endanger the public.[16] The court found that Marriott reports "ongoing symptoms of paranoid schizophrenia" and "consistently expresses that he does not need to be on medication, and that he does not wish to take them via injection, something currently mitigated by being in a hospital setting despite lack of insight."[17] Dr. Wagner testified that Marriott lacked insight into his mental illness, which is a critical component to his ability to manage the illness in a non-hospital setting. He said that Marriott believes he is "cured of schizophrenia."[18]

The court also relied on the WSH's Risk Review Board's determination that conditional release was not appropriate given Marriott's "increasing risk for decompensation and possible danger to others."[19] The court found that, according to Dr. King's testimony, those risks included "ongoing psychosis, possible depression, limited insight into his mental illness, significant and

---

[14] RP at 161.
[15] CP at 329.
[16] RP at 162.
[17] CP at 329.
[18] RP at 119.
[19] CP at 329.

7

constant ongoing monitoring to ensure he meets his basic needs, negative attitude toward treatment, [and] current difficulty in his functioning even in the setting of the inpatient level of care." The court also relied on Dr. King's opinion that the current risk factors for decompensation and danger could not be "properly mitigated in a less restrictive setting of an adult family home."[20] The court did not apply the wrong legal standard. And the evidence in the record supports the court's determination that Marriott could not be released upon conditions without substantial danger.[21]

In addition, we reject Marriott's argument that further proceedings would be useless based on speculation that Marriott's circumstances will not change and the court will deny any future petition for conditional release. As was the case in Howland, the record here demonstrates that Marriott's mental health status is not "static."[22] And the court's finding that Dr. Scholtz was unaware of a facility meeting the criteria does not equate to a finding that in order to meet the standard for conditional release under RCW 10.77.150(3)(c), Marriott had the burden to establish the availability of appropriate placement.

---

[20] CP at 329.

[21] Marriott challenges only Finding No. 8, because it omits one of the release conditions recommended by Dr. Scholtz, that Marriott's care providers would regularly update his CCO and "immediately" notify the CCO of any "non-compliance." [CP 213, 328] But this omission does not affect the outcome. The state experts and the Risk Review Board considered all of the conditions proposed by the defense expert, including the condition of CCO notification, and concluded that they would not sufficiently reduce the risk.

[22] Howland, 180 Wn. App. at 202.

No. 79140-1-I/9

Marriott fails to establish obvious error that would render further proceedings useless. Because he has not met the stringent standard for discretionary review, we deny review and dismiss the appeal.

                                          _____ Leach, J.

WE CONCUR:

_____        _____ Chun, J.