[No. 34152. Department Two. January 23, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. CECIL WRIGHT, *Appellant*.[1]

*John W. Brisky*, for appellant.

*Paul A. Klasen, Jr.* and *Gary Box*, for respondent.

HILL C. J.—▮ Quaere: What court has jurisdiction of

[1]Reported in 320 P. (2d) 646.

the crime of "Family Desertion or Nonsupport," when children under the age of sixteen are involved?

Answer: The superior court.

Reason: The controlling statute is quite explicit. When children under the age of sixteen years are involved, the crime of "Family Desertion or Nonsupport," is a felony. Section 1 of chapter 249, Laws of 1955, p. 1025; § 1 of chapter 158, Laws of 1943, p. 514. (For two years, while § 1, chapter 255, Laws of 1953, p. 683, was in effect, it was a felony only after a third offense.) See RCW 26.20.030, as amended in 1955.

If no children under the age of sixteen are involved, the crime of "Family Desertion or Nonsupport" is a gross misdemeanor. See the 1943, 1953, and 1955 statutes cited, *supra*.

By § 2, chapter 158, Laws of 1943,

"Every Justice of the Peace and Magistrate shall have concurrent jurisdiction with the Superior Court of the State of Washington of all gross misdemeanors under provisions of this act." [*cf.* RCW 26.20.040.]

There has been no change in this section since the enactment of chapter 158, Laws of 1943. There is no attempt in any of these statutes to give justice courts jurisdiction of a felony; and, as the *Quaere* assumes that a child under sixteen is involved, it is obvious that the offense charged is a felony, and that only the superior court has jurisdiction.

Circumstances of the Particular Case which Raise the Question Presented: A complaint was signed in the justice court for Moses Lake precinct, Grant county, Washington, April 2, 1956, by Gloria Walters, charging that Cecil E. Wright did on or about the 11th day of June, 1955, and continuously thereafter

" . . . wilfully, unlawfully and feloniously omit, without lawful excuse, to furnish necessary food, clothing, shelter, and medical attendance for his child, Michael Wright, who is under the age of sixteen years."

Gloria Walters was the former wife of Cecil Wright, and by a divorce decree entered in Whatcom county in 1947, had been awarded the custody of their minor child, Michael

Wright. She and the child had been living in Grant county since January 11, 1955.

■ As a general proposition, when a complaint is filed in a justice court charging the commission of a felony, the justice of the peace acts as a committing magistrate. As such, he determines whether it appears that a felony has been committed, and whether there is probable cause to believe the accused committed it. When an affirmative determination is made, the justice of the peace must bind the accused over to the superior court for trial, since the superior court has exclusive jurisdiction to try the felony charge. See In re Barbee (1898), 19 Wash. 306, 53 Pac. 155; In re Hulet (1930), 159 Wash. 98, 292 Pac. 430; In re Clark (1945), 24 Wn. (2d) 105, 163 P. (2d) 577; RCW 10.04.050; and chapter 10.16 RCW. (We are not here concerned with whether the legislature can give a justice court jurisdiction to try, and to punish, certain types of felonies, as was the apparent intent of the 1955 legislature in the case of traffic violations. See RCW 46.08.190. No attempt is made to confer such jurisdiction by the acts with which we are presently concerned.)

The complaint against the defendant, Cecil Wright, came on for preliminary hearing before the Moses Lake justice of the peace October 1, 1956 (after various legal maneuvers not here material and which, seemingly, ignored the fact that a felony had been charged). The defendant moved for a dismissal on the ground that the Moses Lake justice court had no jurisdiction. That motion was denied; and, the defendant not appearing personally, his bail was forfeited.

The defendant then appealed to the superior court of the state of Washington for Grant county from both rulings of the justice of the peace. The Grant county superior court, with the consent of the state and the defendant, set the case for trial on November 16, 1956. The defendant did not appear; but his attorney moved for a dismissal, claiming that neither the Grant county superior court nor the Moses Lake justice court had jurisdiction. The motion for dismissal was denied, and bail was forfeited, because of the defendant's failure to appear for trial. The defendant appealed from the

orders denying his motions for dismissal, and the order for-feiting bail. (The orders denying the motions to dismiss are not appealable, because not final orders. They concluded nothing, but indicated an intention to proceed with the trial. The order forfeiting bail was appealable.)

The defendant based his claim of no jurisdiction in either the Moses Lake justice court or the Grant county superior court, on the following circumstances: In King county in 1952, the defendant's former wife had filed a criminal com-plaint, charging nonsupport (presumably nonsupport of his minor son, though the statement of facts does not so state). This was in the court of the Honorable Guy B. Knott, a jus-tice of the peace in and for Seattle precinct, King county. Chapter 158, Laws of 1943 was then the applicable statute.

At the hearing on that complaint, the defendant was di-rected to pay into court twenty-five dollars on the first and fifteenth of each month, beginning June 15, 1952 (presum-ably for the support of his minor son, but the statement of facts does not so state). At that time, the defendant entered into a recognizance in said justice court for the future pay-ments. The recognizance is still in full force and effect; but concededly, all the payments were not made pursuant to Judge Knott's order.

The defendant's claim, that an action on the recognizance in the justice court in King county is the only remedy avail-able against him, is without merit. We do not have the com-plaint in the King county justice court action before us, but whether it charged a felony (by alleging that the age of the child was under sixteen years), or whether it charged a gross misdemeanor (by failing to indicate the age of the child), the result is the same.

If that complaint charged a felony, the King county justice court had no jurisdiction, except to hold a prelimi-nary hearing to determine whether to bind the accused over to the superior court for trial. The action taken by the jus-tice court and the arrangement made with the defendant were, in all probability, the wisest and best that could have been devised for getting payments made. It was, however,

wholly beyond the jurisdiction of the justice court to take such action in a felony case. If that complaint charged only a gross misdemeanor, no action taken by the justice court in King county could deprive the superior court of Grant county of jurisdiction when the defendant was charged with a felony in that court.

■ The felony charge against the defendant was properly before the superior court of the state of Washington for Grant county for trial, and no abuse of discretion in forfeiting the defendant's bail is even intimated, other than the claim of lack of jurisdiction heretofore considered. See *State v. O'Day* (1950), 36 Wn. (2d) 146, 216 P. (2d) 732. The record is devoid of any suggestion that the defendant is willing to present himself for trial, or of an excuse for his failure to be present on November 16, 1956. The forfeiture is completely justified on the record; in fact, we fail to see what else the trial court could have done. It should be noted that the defendant failed to avail himself of the provisions of RCW 10.19.100 and 10.19.105, under the terms of which he might have had the forfeiture vacated.

The attempted appeal from a nonappealable order is dismissed.

The appealable order, forfeiting bail, is affirmed.

DONWORTH, ROSELLINI, and FOSTER, JJ., concur.