IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 78282-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| PARAMJIT SINGH BASRA, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: August 26, 2019 |

HAZELRIGG-HERNANDEZ, J. — Paramjit Basra was convicted of murder in 2012. Four years later, after resolution of his direct appeal, he filed a motion to dismiss all charges under Criminal Rule (CrR) 8.3(b). He contends that the superior court erred in finding this motion untimely because the criminal rule does not contain an explicit time limit. Because the text and context of the rule indicate that it was not intended to authorize post-judgment motions to dismiss, we affirm.

## FACTS

In 2012, Paramjit Basra was convicted of murder in the first degree and sentenced to 240 months in prison. This court affirmed his conviction on appeal, but remanded to correct the period of community custody. The mandate confirming termination of review issued on April 21, 2014. In 2016, Basra filed a pro se motion for relief from judgment and sentence under CrR 7.8 and a separate motion to dismiss all charges under CrR 8.3(b) in superior court. The court

construed both filings as motions for relief from judgment under CrR 7.8(c). It found both motions to be time-barred by RCW 10.73.090 and transferred them to this court for consideration as personal restraint petitions. Although we recognized that the superior court had treated the CrR 8.3(b) motion as an additional CrR 7.8 motion, because Basra opposed the transfer and accurately pointed out that CrR 8.3(b) did not contain an explicit time limit or provision for transfer to the court of appeals, the motion was remanded back to superior court for consideration as labeled.

On remand, the superior court appointed counsel for Basra and, after briefing and oral argument, denied the motion to dismiss under CrR 8.3(b) as untimely. The court found that it had no jurisdiction to decide Basra's claims because CrR 8.3(b) only authorized a court to dismiss a criminal prosecution, and the prosecution had concluded prior to the filing of the motion. Basra appealed. The parties briefed the issue of appealability as requested by a commissioner of this court. Basra argued that this order was appealable as a matter of right under RAP 2.2(a)(13). The State disagreed but requested that this court grant discretionary review under RAP 2.3(b) to clarify the proper way to handle such a motion.

DISCUSSION

I.    Appealability

Basra contends that the denial of a post-judgment motion to dismiss under CrR 8.3(b) is appealable as a matter of right because it meets the requirements of RAP 2.2(a)(13). The State responds that the trial court's decision was not a final

order affecting Basra's substantial rights because the court did not rule on the merits of the motion.

Unless otherwise prohibited by a statute or court rule, a party may appeal from any final order made after judgment that affects a substantial right. RAP 2.2(a)(13). A party seeking review must therefore show both (1) effect on a substantial right and (2) finality. State v. Howland, 180 Wn. App. 196, 202 n.3, 321 P.3d 303 (2014).

The timing of the instant motion affects its appealability. Orders denying pre-judgment motions to dismiss under CrR 8.3(b) are not immediately appealable because they are not final. See State v. Wright, 51 Wn.2d 606, 609, 320 P.2d 646 (1958). Certainly, where a court has denied a CrR 8.3(b) motion made pre-trial or even during trial, the matter may be considered as a part of the defendant's direct appeal after entry of judgment. Or if a pre- or mid-trial CrR 8.3(b) motion is granted, therefore ending the prosecution, the State may appeal that final ruling.

Here, however, Basra presents a completely different set of facts and procedural timeline. Basra does not point to any authority explicitly stating that the denial of a post-conviction CrR 8.3(b) motion as untimely is appealable as of right under RAP 2.2. In support of his position, he cites one recent unpublished decision of this court in which we reviewed on the merits a trial court's denial of a post-judgment motion to dismiss under CrR 8.3(b). State v. Longshore, No. 77764-5-I, slip op. at 4 (Wash. Ct. App. Mar. 5, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/777645.pdf. However, the opinion noted that we assumed for the purposes of the appeal that review of the trial court's

decision was proper under RAP 2.2(a)(13) because the State failed to challenge the appealability of the decision. Id. at 4 n.1. Because of the lack of argument from the State, Longshore does not definitively resolve the question of appealability.

Basra relies on State v. Gossage in his argument for finality, contending that this was a final appealable order because it left "nothing else to be done to arrive at the ultimate disposition of the petition." 138 Wn. App. 298, 302, 156 P.3d 951 (2007) (quoting In re Det. of Petersen, 138 Wn.2d 70, 98, 980 P.2d 1204 (1999) (Sanders, J., dissenting)), rev'd in part on other grounds, 165 Wn.2d 1, 195 P.3d 525 (2008). In Gossage, this court found that denial of a post-judgment petition for certificate of discharge from restitution, early termination of sex offender registration requirements, and restoration of civil rights was a final judgment appealable as of right. Id. The court distinguished that case from those in which the trial court retained continuing jurisdiction over the offender or conducted scheduled review of the issues. Id. Although the denial of the petition did not prevent the defendant from petitioning again in the future, the court felt that this "mere potentiality" of a renewed motion differed from the certainty of future proceedings in cases where review was scheduled. Id. at 302 n.7. On review, the Supreme Court declined to address the issue of appealability because the State failed to raise the issue in its answer or cross-petition. Gossage, 165 Wn.2d at 6.

The State argues that this order is not appealable under RAP 2.2(a)(13) because the superior court did not reach the merits of Basra's motion, and Basra could theoretically file the same claims in a CrR 7.8 motion or personal restraint petition. This argument appears to challenge the finality element by analogizing

this situation to a pre-judgment dismissal without prejudice. In a criminal prosecution, a dismissal without prejudice within the statute of limitations is not final "[b]ecause the legal and substantive issues are generally not resolved." State v. Taylor, 150 Wn.2d 599, 602, 80 P.3d 605 (2003). A dismissal without prejudice "'leaves the matter in the same condition in which it was before the commencement of the prosecution.'" Id. (quoting State v. Corrado, 78 Wn. App. 612, 615, 898 P.2d 860 (1995)).

In this case, the fact that the superior court did not reach the merits of Basra's motion makes the situation more akin to a dismissal without prejudice than denial of a petition to discharge a restitution obligation, terminate a registration requirement, and restore civil rights. A renewed motion or prosecution is a "mere potentiality" in both instances but the dismissal of Basra's motion as untimely did not resolve the legal and substantive issues contained within the motion. Because the order does not satisfy the finality prong of RAP 2.2(a)(13), we hold that Basra's post-judgment CrR 8.3(b) motion is not appealable as a matter of right.

Basra and the State both request that this court accept discretionary review if appeal as a matter of right is unavailable. When an act of the superior court is not appealable as a matter of right under RAP 2.2, a party may seek discretionary review of the act under RAP 2.3. "A notice of appeal of a decision which is not appealable will be given the same effect as a notice for discretionary review." RAP 5.1(c). Because the parties agree that we should grant review and the dearth of authority provides ground for a difference of opinion, we find that review is appropriate.

II.  Timeliness

Basra contends that the trial court erred in finding his CrR 8.3(b) motion to dismiss to be untimely because the rule does not contain any explicit time limit. CrR 8.3 governs dismissal of a criminal case.  Section (b) of the rule provides that "[t]he court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial." CrR 8.3(b)

The appellate court reviews the interpretation of court rules de novo. State v. McEnroe, 174 Wn.2d 795, 800, 279 P.3d 861 (2012).  We analyze court rules using the principles of statutory construction. Id.  When interpreting the rules, the court aims to "ascertain and carry out the intent of the drafting body." City of Bellevue v. Hellenthal, 144 Wn.2d 425, 431, 28 P.3d 744 (2001).  If the language of a court rule is plain on its face, the court will give effect to that plain meaning and assume it represents the writers' intent. Id.  To determine the plain meaning of a statute or rule, the court should consider its text, the context of the statute or rule, related provisions, amendments to the provision, and the scheme as a whole. Columbia Riverkeeper v. Port of Vancouver USA, 188 Wn.2d 421, 432, 395 P.3d 1031 (2017).

CrR 8.3(b) does not define "criminal prosecution" or otherwise specify the stage of a case to which it applies.  Black's Law Dictionary defines "prosecution" as "[a] criminal proceeding in which an accused person is tried." Prosecution, Black's Law Dictionary (10th ed. 2014).  Webster's Dictionary defines "prosecution"

as "the institution and continuance of a criminal suit involving the process of exhibiting formal charges against an offender before a legal tribunal and pursuing them to final judgment on behalf of the state or government." Prosecution, Webster's Third New International Dictionary (3d ed. 1993).

The Washington Supreme Court originally adopted CrR 8.3 in 1973, superseding a statute that had previously outlined the criteria for dismissal of a criminal case. State v. Rohrich, 149 Wn.2d 647, 653 n.3, 71 P.3d 638 (2003). The predecessor statute provided that "[t]he court may, either upon its own motion or upon application of the prosecuting attorney, and in furtherance of justice, order any criminal prosecution to be dismissed." State v. Pringle, 83 Wn.2d 188, 190, 517 P.2d 192 (1973) (citing former RCW 10.46.090 (1973), repealed by Laws of 1984, ch. 76, § 29). In Pringle, the sentencing judge, who had not presided over the case when the guilty plea was entered, deleted language from the portion of the judgment and sentence containing the court's findings. Id. at 189. The judge stated that he was acting within the court's power under former RCW 10.46.090. Id. The Supreme Court considered the meaning of "criminal prosecution" under the statute and found that the trial court was without jurisdiction under RCW 10.46.090 because "the prosecution had been terminated" upon entry of the defendant's voluntary plea of guilty. Id. at 191. A voluntary plea has the same effect as a guilty verdict. Id. The court reasoned that the statute "relate[d] to the dismissal of a 'criminal prosecution' and in no way authorize[d] a sentencing judge to modify a criminal information after the conclusion of the prosecution and after a valid plea of guilty ha[d] been entered." Id. at 190.

- 7 -

We agree with the superior court that the definition of "criminal prosecution" applied in Pringle also applies to the term as it is used in CrR 8.3(b). A criminal prosecution is no longer ongoing post-judgment and therefore is not subject to dismissal under CrR 8.3(b).

Additionally, the Criminal Rules contain a separate section under which a defendant can obtain relief from a judgment or order. A defendant may request relief under CrR 7.8 on a number of bases, including "misconduct of an adverse party" or "[a]ny other reason justifying relief from the operation of the judgment." CrR 7.8(b). This rule specifies time constraints for motions on these grounds and indicates that it is subject to the statutes governing the time for collateral attack. CrR 7.8(b). Any action for post-conviction relief other than a direct appeal is referred to as a collateral attack, including, among others, a personal restraint petition, habeas corpus petition, and motion to vacate judgment. RCW 10.73.090(2). Any petition or motion for collateral attack on a judgment and sentence must be filed within one year after the judgment becomes final, unless the judgment and sentence is invalid. RCW 10.73.090(1). A judgment becomes final when it is filed with the clerk of the trial court, when an appellate court issues a mandate disposing of a timely direct appeal, or when the United States Supreme Court denies a timely petition for certiorari—whichever date is last. RCW 10.73.090(3). Untimely motions for relief from judgment must be transferred to the court of appeals for consideration as personal restraint petitions. CrR 7.8(c)(2).

At oral argument, Basra conceded that the post-judgment motion to dismiss under CrR 8.3(b) could be characterized as a collateral attack because it was not

a direct appeal, but argued that the time limit in RCW 10.73.090 did not apply. Relief by way of a collateral attack is extraordinary. In re Coats, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). The bases and time for collateral attack are limited because "[c]ollateral relief undermines the principles of finality of litigation, degrades the prominence of trial, and sometimes costs society the right to punish admitted offenders." In re Hagler, 97 Wn.2d 818, 824, 650 P.2d 1103 (1982). Basra's contention that a post-judgment motion under CrR 8.3(b) is exempt from the general time limits for a collateral attack is inconsistent with these principles. The absence of a cross-reference to RCW 10.73.090 and related statutes in CrR 8.3 is further evidence that it is not intended to be a vehicle for post-judgment collateral attack.

The surrounding provisions of CrR 8.3 support the conclusion that dismissal under CrR 8.3(b) is not intended to be available post-judgment. Section (a) of the rule allows the court to dismiss an "indictment, information or complaint" on the prosecutor's motion. CrR 8.3(a). Section (c) explicitly sets out a procedure for pre-trial dismissal "due to insufficient evidence establishing a prima facie case of the crime charged." CrR 8.3(c). The rule does not reference dismissal or vacation of a conviction or judgment.

Despite the form of Basra's motion as a challenge under CrR 8.3(b), the trial court did not err in initially treating the collateral attack as a CrR 7.8 motion and transferring it to this court. On remand, when directed to analyze the motion as labeled, the superior court properly found that Basra's criminal prosecution ended well before he filed this motion for dismissal under CrR 8.3(b). Because the

criminal prosecution was not ongoing and Basra had not succeeded in reopening the prosecution by, for example, prevailing on a CrR 7.8 motion, the superior court did not err in dismissing the motion as untimely.

Affirmed.

WE CONCUR: